Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of CHESTER BEAGLE, Respondent, for Compensation under the Workmen's Compensation Law, v. GEORGE GROFF, Employer, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, November 16, 1921.

Workmen's Compensation Law — dependency — " dependent " and " minor dependent " defined — claim by minor for injury to himself must be filed within one year — § 116, suspending limitation statute, does not apply where minor is claiming compensation for injury to himself — notice of injury containing no demand for compensation does not operate as notice of claim.

A " dependent," within the meaning of the Workmen's Compensation Law, is a person who was dependent for support on a relative since deceased on account of whose death in the course of his employment a recovery of death benefits is sought to be made from the employer.

A " minor dependent " is a brother, sister, child or grandchild, under the age of eighteen years, of a deceased person thus killed, upon whose support he or she was dependent.

A minor who is seeking compensation for injuries to himself is not a " minor dependent," within the meaning of section 116 of the Workmen's Compensation Law, providing that no limitation in the law shall run against a minor dependent so long as he has no guardian or next friend, and, therefore, said claimant must file his claim within one year after the accident as provided by section 28 of said law.

A notice of injury served on the employer in which no demand for compensation is made does not take the place of or operate as the notice of claim required to be presented to the employer or the Commission by section 20 of said law.

APPEAL by the defendants, George Groff and another, from an award of the State Industrial Commission, dated the 3d day of March, 1921, rescinding an award of said Commission entered in the office of said Commission on the 13th day of November, 1920, and restoring an award of said Commission entered in the office of said Commission on the 17th day of June, 1920.

*Nadal, Jones & Mowton [Edward P. Mowton* of counsel], for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The claimant is a minor who filed his claim three years after the accident. It is provided in section 28 of the Workmen's Compensation Law as follows: " The right to claim compensation under this chapter shall be forever barred unless within one year after the accident, or if death results therefrom, within one year after such death, a claim for compensation thereunder shall be filed with the Commission." There is no provision of the Compensation Law excepting the claim of an infant from the effect of this limitation other than that which is contained in section 116 of the law. That section reads: " No limitation of time provided in this chapter shall run as against any person who is mentally incompetent or a minor dependent so long as he has no committee, guardian or next friend." The word " dependent " as used in the Compensation Law has a definite and unequivocal meaning. He is a person dependent for support upon a deceased relative on account of whose death in the course of his employment a recovery of death benefits is sought to be made from the employer. (Workmen's Compensation Law, § 16.) A " minor dependent " is a brother, sister or grandchild, under the age of eighteen years, of a deceased person thus killed, upon whose support he or she was dependent. (Workmen's Compensation Law, § 16, subd. 4.) This claimant is not seeking recovery of death

benefits for the death of another upon whom he was dependent, but claims compensation for injuries inflicted upon himself. He is, therefore, in no sense a claimant who has the character of a " minor dependent," and, consequently, is not within the exception made by section 116.   It is said that this is a narrow construction of the section.   On the contrary, it is a correct reading of legislative words which themselves, without ambiguity, express a narrow legislative intent.   Any other reading completely eliminates the word " dependent " from the section, and, under the transparent garb of interpretation, in reality constitutes judicial legislation.   It is also said that the employee's notice of injury was in itself a sufficient claim, and that having been filed within one year after the accident the bar of the statute cannot be invoked.   The Compensation Law calls for both a notice of injury and a notice of claim. The former must state the name and address of the employee as well as the time, place, nature and cause of his injury. (Workmen's Compensation Law, § 18.)   As to a notice of claim the Compensation Law provides only as follows: " At any time after the expiration of the first fourteen days of disability on the part of an injured employee, or at any time after his death, a claim for compensation may be presented to the employer or to the Commission."   On the one hand, the notice of injury must state the details of the accidental injury, but need not assert a claim of recovery.   On the other hand, it is not required by section 20 that the notice of claim shall reiterate all the facts which must have been stated in the prior notice.   The characteristic, therefore, of a notice of claim is its demand or insistence upon payment of compensation or death benefits by the employer.   The notice of injury in this case contains no such demand, and, therefore, the only *claim* for compensation was made in the notice of claim which was filed at a date too remote from the accident.   The claim is accordingly barred.

The award should be reversed and the claim dismissed.

JOHN M. KELLOGG, P. J., COCHRANE, KILEY and VAN KIRK, JJ., concur.

Award reversed and claim dismissed.