Before STATE INDUSTRIAL BOARD, Respondent.

LOUIS GIAMELLI, Respondent, *v.* JOHN RAHTZ and Another, Appellants.

Third Department, June 27, 1924.

Workmen's compensation — filing claim within one year after injury — letter by employee to State Department of Labor not claim within Workmen's Compensation Law, § 28 — advance payments — financial assistance given employee by employer not advance payment of compensation relieving claimant of necessity of filing claim within Workmen's Compensation Law, § 28.

A letter addressed to the State Department of Labor by a claimant which merely states the name of the claimant's employer and the fact of injury and contains a request to investigate, does not constitute the filing of a claim for compensation within the provisions of section 28 of the Workmen's Compensation Law requiring a claim to be filed within one year after the injury.

The failure to file a claim within one year is not excused by the employer giving the claimant financial assistance after the injury, for such financial assistance does not constitute an advance payment of compensation to the claimant within the meaning of section 28 of the Workmen's Compensation Law.

APPEAL by the defendant, John Rahtz, from an award of the State Industrial Board, made on the 7th day of September, 1923.

Appeal by the defendants, John Rahtz and another, from an award of the State Industrial Board, made on the 10th day of December, 1923.

*Fred H. Rees* [*Jeremiah F. Connor* of counsel], for the appellants.

*Carl Sherman*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondents.

COCHRANE, P. J.:

The claimant was injured June 9, 1922. Because he failed to file a claim for compensation within one year thereafter his claim is barred under the provisions of section 28 of the Workmen's Compensation Law unless because of reasons assigned by the State Industrial Board.

The Board finds that a letter written by the claimant to the

State Department of Labor on February 9, 1923, constituted a claim within the meaning of the statute. The letter is as follows:

"*February* 9, 1923.

" GENTLEMEN.— I was employed by J. Rahtz, 303 E. Houston St. and fell from the first story while hanging up a sign on June 9, 22 and I fractured the neck of the feimer I am now in the Metropolitan Hospital in ward G. I wish you would please investigate it for me please let me hear from you.

" Respectfully yours,

" LOUIS GIAMELLI."

This letter was no more a claim within the meaning of the statute than was the letter in *O'Esau* v. *Bliss Co.* (15 State Dept. Rep. 665) which received the condemnation of the court in 224 New York, 701, 703. It is also within the condemnation of this court in *Beagle* v. *Groff* (198 App. Div. 453) in that it contains no " demand or insistence upon payment of compensation " but merely a request for information.

The Board has also attempted to save the claim by finding: " Within one year after said injury, John Rahtz, the employer herein, made advance payments of compensation to Louis Giamelli, the claimant herein." This finding was inspired by the last sentence of section 20-a in force at the time of the accident and now the last sentence of section 28 which provides that " No case in which an advance payment is made shall be barred by the failure of the employee to file a claim." In justification of this finding there is no evidence. The " advance payment " means a payment on account of compensation. It implies a recognition of liability. A gift or a loan from motives of charity or humanity is not to be distorted into an acknowledgment of an indebtedness. The circumstances of the payment must be such as to indicate an understanding by the parties that the payment is a reduction of what one owes to the other. The employer testified as follows: " I gave him [claimant] financial assistance. Whenever I went there I gave him money. * * * When I came to see Mr. Giamelli, I knew he did not have any money, at the time and for humanity sake I always, as a friend, advanced him money occasionally. * * * Q. Mr. Rahtz, did you ever pay this man compensation? A. No, I did not." That the claimant understood that he was not being paid compensation by the employer is clearly indicated in a letter addressed by him to the State Industrial Commission June 23, 1923, wherein he wrote: " As stated I have as yet received no compensation & as the injury occurred June 9, 1922, over a year

ago, I cannot understand why your Commission has apparently failed to function." There is no other evidence on this branch of the case. The spirit in which the referee interpreted the evidence above quoted as establishing an advance payment of compensation is manifested by his statement in making the ruling to that effect, viz.: " The referee finds that the employer paid the claimant money — he may call it whatever he wants to call it — he paid him money after the claimant met with the injury while in his employ." This ruling in the light of the testimony is a travesty of justice. If followed in other cases the result cannot fail to react against employees generally by discouraging acts of generosity or of simple humanity on the part of well-disposed employers. Such a ruling misconstrues generous impulses and converts them into grounds for liability which do not exist.

The awards should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Awards reversed and claim dismissed, with costs against the State Industrial Board. ———————