## YOUNG v. HOAGE, Deputy Commissioner, et al.

### No. 6789.

United States Court of Appeals for the District of Columbia.

Argued March 9 and 10, 1937.
Decided April 5, 1937.

Emory B. Smith, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., Allen J. Krouse, Asst. U. S. Atty., and Frank H. Myers, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, J.

This is a compensation case. Two points were ruled on by the deputy commissioner and the court below. The first is jurisdictional, involving the question whether claim for compensation was made within the statutory period of limitation. The second relates to the merits—whether or not there was a causal connection between the accident and the death. Both were decided adversely to claimant.

First. Section 12 (a) of the act (33 U. S.C.A. § 912 (a) [1] provides "Notice of an

[1] Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, Title 33, U.S.C.A. § 901 et seq.; made applicable to the District of Columbia, Act of May 17, 1928, c. 612, 45 Stat. 600, D.C.Code 1929, Title 19, c. 2, §§ 11, 12, 33 U.S.C.A. § 901 note.

injury or death in respect of which compensation is payable under this chapter shall be given within thirty days after the date of such injury or death (1) to the deputy commissioner in the compensation district in which such injury occurred and (2) to the employer." Subparagraphs (b), (c), and (d) of section 12 (33 U.S.C.A. § 912 (b, c, d) provide that the notice shall be in writing and shall contain the name and address of the employee and a statement of the time, place, and cause of the injury or death; that it shall be delivered to the deputy commissioner or mailed to his office and to the employer; and that failure to give the notice shall not bar a claim if the employer had knowledge of the injury or death and was not prejudiced by failure to receive the notice or if the commissioner excuses the failure for some satisfactory reason.

Section 13 (33 U.S.C.A. § 913) provides:

"(a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred.

"(b) Notwithstanding the provisions of subdivision (a) failure to file a claim within the period prescribed in such subdivision shall not be a bar to such right unless objection to such failure is made at the first hearing of such claim in which all parties in interest are given reasonable notice and opportunity to be heard."

The claimant is Sarah Young, widow of Robert Young, who on April 28, 1933, was employed by McGuire & Rolfe, Inc., paving contractors in the city of Washington. On that day Young mashed two fingers on his left hand while engaged in his employment. He received treatment that day in a hospital and again two days later. He missed no time from work, but shortly after midnight on May 2, he died. The coroner certified his death as caused by "chronic myocarditis, with hypertrophy, and contributing cause, acute dilatation." On May 17, 1933, the following letter was sent to the deputy commissioner:

"Dear Sir: In compliance with Section 12 of the Longshoremen's and Harbor Workers' Compensation Act, I beg leave herewith to notify you of the death from accident of Robert Young, who formerly resided at 723—12th Street, N. W. Said decedent was an employee of McGuire & Rolfe, Paving Contractors, with offices at 1st and O Streets, S. E.

"According to information, accident occurred on April 28, 1933, on O Street, between North Capitol and 1st Streets, N. E., approximately at 2 P. M. Injury to two fingers of the left hand of the decedent was received in line of duty. Decedent was treated, as I am informed, at the Washington Insurance Clinic, 1723 Rhode Island Avenue, N. W., on the evening of April 28, and again on the morning of May 1, death occurring at 12:20 A. M., May 2. Cause of death as stated by the coroner's certificate was 'chronic myocarditis, arth. hypertrophy, and acute dilatation.'

"Respectfully submitted.

"Sarah Young,
"Widow of Deceased Employee.
"Emory B. Smith,
"Widow's Attorney."

Copy of the letter was sent to the employer. The deputy commissioner replied that the letter failed to show that Young's death was in any way connected with the injury to his fingers—but said: "if such claim is being made it must be established by proper medical evidence in written form to this office," etc. Nothing more appears until October 4, 1935. On that day claimant's attorney addressed the following letter to the deputy commissioner:

"Dear Sir: Your attention is respectfully called to claim filed May 17, 1933, by Sarah Young, widow of Robert Young, who died as result of an accidental injury to his left hand while in the employ of McGuire & Rolfe, Inc.

"On June 5, of the same year, Mr. L. M. Cochran, Claims Adjuster [of the Commission], acknowledged receipt of communication from Mrs. Young, in which he set up the barrier of a lack of medical evidence connecting the accidental injury with the employee's death. It was not until August 6, 1935, that such additional evidence was possible. Affidavits of four eye witnesses executed on said date, and attached hereto, provide the missing link. They are offered herewith as new evidence, and as forming an indispensable part of the basic facts upon which the expert medi-

cal opinion is presented. (See Hoage et al. v. Employers' Liability Assur. Corp., 62 App.D.C. 77 [64 F.(2d) 715]).

"There being no definition of the term 'claim' in the act, said notice, or communication of May 17, 1933, was intended as a claim in compliance with Sections 12 and 13 [33 U.S.C.A. §§ 912, 913]. In accord with Section 20 (b) [33 U.S.C.A. § 920 (b)] I beg, therefore, that the presumption of sufficient notice apply in this case, against any bar of limitations as stated in Section 13. In raising the aforesaid presumption on behalf of this claimant and requesting consideration of the evidence attached hereto, as required by your Claims Adjuster, I do so on the authority of Georgetown Hospital v. Stone, 61 App.D.C. 200 [59 F. (2d) 875], in which the following principle was set forth: 'The Compensation Act should be construed liberally in favor of the employee.'

"In behalf of justice to this petitioner, and in keeping with the spirit and purpose of the Act, petitioner through me as her attorney respectfully requests that the Honorable Deputy Commissioner recommend payment of the compensation for which the Act provides, and should Your Honor deem the evidence herewith as insufficient, that you accord a hearing as provided in Section 19 (c) [33 U.S.C.A. § 919 (c)].

"Very gratefully yours,
"Emory B. Smith, Attorney."

The deputy thereupon forwarded forms for execution, and apparently gave notice to employer and insurance carrier, for on December 23, 1935, carrier answered, admitting that Young had sustained injury but denying that due notice of injury had been given. The answer was on the commission forms and did not contain a denial that claim for compensation had been made. The printed form contains no blank statement to be filled in, admitting or denying this fact.

A hearing was held January 10, 1936. At that time the insurance carrier defended on the ground of lack of due filing of claim under section 13 (33 U.S.C. A. § 913). Claimant's attorney asserted that this defense, not having been raised in the answer, could not be then raised—on the ground of estoppel. The commissioner ruled that the question whether due claim had been filed was one of the issues, and on February 6, 1936, there was another hearing, at which time witnesses were examined, and on February 10, 1936, the deputy commissioner filed his report rejecting the claim. He held that, while the notice of death was filed in accordance with section 12 of the act (33 U.S.C.A. § 912), no claim for compensation was filed within the statutory limit of one year as required by section 13, and that objection had been duly made at the first hearing. He also held that the death was due to natural causes.

The bill filed in the lower court attacked the findings. The court below sustained a motion to dismiss.

■ Since in our opinion the holding of the deputy that the claim was filed too late is right, we have no occasion to examine the other question whether there was evidence to sustain his holding on the merits. We have held as to section 12 (the section requiring notice of death or injury within thirty days) that the deputy commissioner may for good cause excuse the failure to file such notice within the thirty-day period. Hoage v. Employers' Liability Assur. Corp., 62 App.D.C. 77, 64 F.(2d) 715. But what we said there has no bearing on the question involved here. Section 13 is wholly different in its terms, is mandatory, and gives no discretion to the commissioner, but provides in plain words that failure to file a claim within a year shall be an absolute bar to recovery—except where objection to such failure is not made at the first hearing. It is therefore jurisdictional.

■ Claimant relies on the letter of May 17. She cannot rely on the formal claim filed December 10, 1935, because it was filed too late, and so she is obliged to contend that her May 17 letter was a claim for compensation and was a sufficient compliance with the requirements of section 13. But, as we have said, this contention cannot be sustained. All that the letter said was that it was filed in accordance with section 12. It said only what section 12 requires and no more. The words "claim" or "compensation" were not mentioned. It gave notice of the name and address of the deceased employee and the time, place, and cause of death. But that is all. Given the most liberal construction, it is wholly lacking in the language of demand or claim. To the contrary, it clearly showed a noncompensable cause of death.

Claimant relies largely on Maryland Casualty Co. v. Hodge (C.C.A.) 49 F.(2d)

127, and Kaplan v. Kaplan Knitting Mills, 248 N.Y. 10, 161 N.E. 204, 206, but we think neither case in point.

In the Hodge Case the claim arose under the workmen's compensation law of Texas (Vernon's Ann.Civ.St.Tex. art. 8306 et seq.). That law provides for notice to employer and insurer within thirty days and for the filing of claim for compensation within six months, but the act provides in terms that the board may in meritorious cases waive strict compliance with the limitations as to filing of claim, and this saving provision has been construed by the highest court of Texas to justify waiver of the limitation period by the board. There is no similar grant of authority in the federal statute.

The Kaplan Case arose in New York, where the compensation law is substantially like the Federal law. But in the Kaplan Case there were vital facts and circumstances not present here. Kaplan was killed while working at the knitting mills, and his widow sent a letter to the commission setting forth the fact of death and of her dependence. The letter, after giving the name of injured, the name of employer, the place of death, that the deceased employee was crushed by an elevator in employer's building and sustained a fractured skull and broken spine (prima facie a compensable injury), continued—"this notice of injury is given you pursuant to section 18 [substantially identical with section 12 of the Federal act] of the Workmen's Compensation Law, but same is given without prejudice to the right of the dependents of the said injured employee to elect to sue any third party pursuant to section 29 of the Workmen's Compensation Law, and this notice shall not be deemed an election to take compensation so as to preclude an action against any such third party for injuries resulting in the death of the said employee, reserving also any right to compensation for any deficiency resulting after the termination of such action"—and expressly reserving the right to hereafter elect whether to take compensation for said injuries or to sue any third party by reason of the occurrence above mentioned, or both. The notice was served within the year, but no additional claim for compensation was filed, and the New York Court of Appeals, discussing the question of the sufficiency of the letter as a claim for compensation, said:

"She clearly intimates that she is claiming compensation, otherwise all reference to section 29 would be useless."

And: "What she is trying to reserve is her right to make the election so that in making this claim or supposed claim for compensation she shall not be deemed to have chosen the full award instead of the deficiency award. She does not reserve the right to claim compensation later on, rather she reserves 'also any right to compensation for any deficiency.' "

And: "She was claiming compensation, either as a full award or as a deficiency award."

Nothing comparable with this appears in the letter here.

The New York statute, like the Federal statute, provides that in a proceeding for the enforcement of claim it shall be presumed that sufficient notice has been given (section 920, T. 33 U.S.C.A.). And the undoubted purpose of this provision is to assure a liberal construction of a questionable claim. But it can have no effect where there is a showing that no claim was filed; and that is the case we have to deal with. As we have pointed out, claimant's May 17 letter in its statement of the cause of death shows only a noncompensable injury and nowhere a suggestion of a right or claim to compensation.

The effect of this is pointed out by the Court of Appeals of Maryland, in Vang Const. Co. et al. v. Marcoccia, 154 Md. 401, 140 A. 712, 714, construing the Maryland law providing: "When death results from injury the parties entitled to compensation under this Article, or some one in their behalf, shall make application for same to the Commission within one year from the date of death," etc. Code Pub. Gen.Laws, Md. 1924, art. 101, § 39.

The injury had occurred in August, 1921. In October an attorney claiming to represent the family of the deceased wrote a letter to the commission advising it of the injury and that the dependents were subjects of the Kingdom of Italy and requesting claim forms. The commission sent the forms but nothing more was done until 1923, when the mother filed a formal claim for compensation. Upon objection that the claim was too late, the court said that the legislative object in providing a period of limitation was to safeguard the employer and the insurance carrier against fraud and oppression through stale claims and that the

commission is without authority to excuse a failure to make the application for compensation within the period of limitation, and the court continued:

"Nor is notice of the accident equivalent to an application within the statute of a claim for compensation. The objects are not the same, one relates to an investigation of the injury and the other to the enforcement of the compensation, and the notice and application differ in their respective requirements and are found in separate sections of the statute. The provision that an application be made to the commission is mandatory, and therefore the fact that the employer, the insurance carrier, and the commission had knowledge of the injury will not dispense with the necessity of the application for compensation being made. * * * Knowledge on the part of the employer and insurer of the injury, or of even the intention of the dependent to make the application, does not relieve the actor from proceeding within the time prescribed."

■ Judge Coleman in the Federal District Court of Maryland, in a carefully considered opinion, reached the same conclusion under the provisions of the federal act. He said: "It will be seen from the provisions of the act above quoted that claims of this kind are absolutely outlawed if not filed within one year after the death, unless one of the following four situations exists"—payment of compensation without an award, failure to object at the first hearing, mental incompetency, suit in law or admiralty to recover damages, etc. Ayers v. Parker, 15 F.Supp. 447, 449.

The same view was taken by Judge Caffey of the Southern New York District, who held that the language of 13 is mandatory and failure to file within the time prescribed is fatal to recovery. Romaniuk v. Locke, Dep. Com'r (D.C.) 3 F.Supp. 529.

The Court of Appeals and the Appellate Division of the Supreme Court of New York have passed upon the precise question in a number of cases. In Twonko v. Rome B. & C. Co., 224 N.Y. 263, 120 N.E. 638, 639, injured sent for a doctor, who within three months of the accident notified the employer. The carrier was notified by the employer, and the latter called at the hospital and procured from injured a written statement signed by him giving the details of the accident and the extent of injury,

and a few days later a copy of this statement was sent by the employer to the carrier. Subsequently, but after the year period, injured made claim for compensation and at the hearing testified that, when he signed the statement, he understood that it was notice to the company of claim for compensation and this was the only reason he had given no further notice. The New York Court of Appeals, in denying the claim, said:

"The law states that the right to compensation shall be forever barred unless within one year after the accident a claim for compensation shall be filed with the commission. These plain provisions cannot be dispensed with by such evidence as we have in this case."

In Beagle v. Groff, 198 App.Div. 453, 191 N.Y.S. 307, it was held that the New York law requires both notice of injury and notice of claim and, if the notice of injury contains no demand or insistence on the payment of compensation or death benefits, there must also be made a claim for compensation.

And in Giamelli v. Rahtz, 209 App.Div. 720, 205 N.Y.S. 346, 347, the injured employee wrote to the board as follows:

"I was employed by J. Rahtz, 303 E. Houston St., and fell from the first story while hanging up a sign on June 9, '22, and I fractured the neck of the femur. I am now in the Metropolitan Hospital in ward G. I wish you would please investigate it for me; please let me hear from you."

This letter, the court said, was not a claim within the meaning of the statute.

In Illinois the act provides that claim for compensation shall be made within six months after the accident. Smith-Hurd Ill. Stats. c. 48, § 161. The Supreme Court of Illinois, in Ideal F. Company v. Commission, 298 Ill. 463, 131 N.E. 649, 651, held the statute to be mandatory. In that case the letter written by the wife of injured to his employer called attention to the employment of her husband by the employer for a long period of time and to the misfortune coming to him in such an unexpected way and that she was obliged to appeal to the company for consideration. The court said the letter was well calculated to appeal to the generosity of the employer, "but contains no intimation that he claimed any legal right to demand compensation," and was not, therefore, a compliance with the statute.

In Rezaldo v. Commission, 61 Utah, 412, 213 P. 1083, 1084, the injured employee wrote a letter to the commission to this effect—"I was working for the Spring Canyon Coal Company at Storrs, Utah. Was paying my hospital fees each month, and there was some difficulty over my being sent to the hospital. My foot was injured in their mine. Have been here for three months and am paying my own bill. Would appreciate very much a visit from one of your representatives so I could explain this matter to him."

The Utah court held this letter not to be a claim. They said:

"While it is true that an application for compensation should not be required to be formal and to state the facts as is the case in a complaint or other pleading, yet the application should at least contain sufficient to apprise the Commission and the employer that the employee making it was injured in the course of his employment and at a certain time and place, and that he makes application for compensation under the Compensation Act. * * * The letter in question, considered by what it contains, in no way apprises either the Commission or any one else that it was intended or filed as an application for compensation."

And see, also, Simmons v. Holcomb, 98 Conn. 770, 120 A. 510; Rehtarchik v. Hoyt-Messinger Corp., 118 Conn. 315, 172 A. 353; Chebot v. Commission, 106 Or. 660, 212 P. 792; Higgins v. Heine Boiler Co., 328 Mo. 493, 41 S.W.(2d) 565.

There are a number of other similar cases, but it is not necessary to burden the opinion further. It is enough to say, we think, that the rule is established that, where a statute gives a right of the character in question—a right unknown to the common law—and limits the time within which an action shall be brought to assert it, the limitation defines and controls the right. William Danzer & Co. v. Gulf R. Co., 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126. In that view the objection made here is jurisdictional, and here there are no equities which we can properly consider. The objection, as the statute provides, was made at the first hearing of the claim, and there can be no ground of estoppel since claimant's counsel was advised in advance that the point would be raised and went to the hearing fully warned in this regard. There is no intimation of entrapment or surprise. In the circumstances, it is our duty to affirm the decree of the lower court.

Affirmed.