## DAWSON v. JAHNCKE DRYDOCK, Inc., et al.
### No. 396.

District Court, E. D. Louisiana, New Orleans Division.

June 28, 1940.

P. M. Milner, of New Orleans, La., for plaintiff.

Gordon Boswell, of New Orleans, La., for Jahncke Drydock, Inc., and Columbia Casualty Co.

Rene A. Viosca, U. S. Atty., of New Orleans, La., for Letus N. Crowell.

CAILLOUET, District Judge.

This admiralty appeal is to have reviewed the findings of the Deputy Commissioner of the Seventh Compensation District, which are evidenced by his order of May 18, 1935, whereby he rejected the claim for compensation urged before him by Mrs. Margaret M. Dawson, under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

The death of her son, Robert W. Dawson, for which she so claimed compensation, occurred on May 13, 1929.

Her said claim was only filed with the Commissioner on May 14, 1932, or over three (3) years after the death in question.

Under section 913, U.S.C.A., Title 33, the right to compensation for death is "barred unless a claim therefor is filed within one [1] year after the death"; except that such right is not so barred if the failure to file within one year is not objected to at the first hearing of such claim before the Deputy Commissioner.

In this present matter, objection to the belated filing was seasonably made on behalf of both the employer and its insurer.

■ It is contended on behalf of the complainant that her claim for compensation under the Louisiana Workmen's Compensation Act having been under prosecution all the while from April 21, 1930, to November 3, 1931, (when, for the second time the Court of Appeal for the Parish of Orleans, dismissed the suit for compensation on an exception of no cause of action), the filing of her claim on May 14, 1932, under the Longshoremen's and Harbor Workers' Compensation Act, was in ample time, inasmuch as less than one year had elapsed since the termination of the suit in the State courts.

Subdivision (d) of section 913, 33 U.S.C.A., is cited and relied on to escape the force of the aforementioned bar prohibitive of one year, set up in subdivision (a) of said section. However, it is only where recovery is denied in a suit brought at Law or in Admiralty, for *damages,* (not for compensation) that the limitation of time prescribed in subdivision (a) begins to run only from the date upon which the suit (for *damages*) terminated.

*Here,* there was no suit for damages. The action in the State court was for no other purpose than the obtaining of the *compensation* that plaintiffs (Mrs. Dawson and her subsequently deceased husband) erroneously conceived to be due them as the surviving parents of the deceased employee, under the terms of the Louisiana Workmen's Compensation Statute, Act No. 20 of 1914.

■ The Federal Longshoremen's and Harbor Workers' Compensation Act, and not the said State statute, was the applicable law pertaining to the question whether or not plaintiffs were entitled to receive any workman's compensation benefits.

One statute was exclusive of the other. Continental Casualty Co., et al. v. Lawson, Deputy Commissioner, 5 Cir., 1933, 64 F.2d 802.

■ The provision contained in subdivision (a) of section 903, 33 U.S.C.A., to the effect that compensation, under the Longshoremen's and Harbor Workers' Compensation Act, is payable for the death of an employee only if recovery "through workmen's compensation proceedings may not validly be provided by State law", refers to the authority of the State to act; if any particular claim be covered by the provisions of the federal compensation statute, the remedy provided thereby is exclusive,—the State can not validly provide for recovery. United States Casualty Co. v. Taylor, et ux, etc., 4 Cir., 1933, 64 F.2d 521.

Since State and Federal compensation laws are mutually exclusive of each other, the Louisiana Workmen's Compensation Act did not, at any time, validly apply to the subject matter, over which Congress exercised exclusive jurisdiction by the

enactment of the Longshoremen's and Harbor Workers' Compensation Act.

The claim for such workman's compensation as may have enured to the plaintiffs Dawson, by reason of their son's death, arose, if at all, only under the provisions of the said Longshoremen's and Harbor Workers' Compensation Act, inasmuch as the death resulted from injury which occurred upon the navigable waters of the United States, in the course of decedent's work, which had direct relation to navigation or commerce; the circumstances attending his death were, undoubtedly, wholly within the orbit of the subject matter covered by the federal compensation statute; this so being, then the State's Workmen's Compensation Act was precluded from validly providing for recovery. T. J. Moss Tie Co., et al. v. Tanner, et al., 5 Cir., 1930, 44 F.2d 928.

The finding of the Deputy Commissioner now under review, i. e., that "the right to compensation for the death of Robert Dawson is barred", is manifestly correct; such finding, being supported by substantial evidence, and being in accordance with the law as it now exists, should be sustained; it is conclusive upon the court. Neither the Deputy Commissioner nor this court has the power to legislate, and nothing short of legislation, changing the present legal status so as to make it fit into the complainant's contentions, could justify the granting of the relief sought; after the lapse of one year from the death of Robert Dawson, or as early as May 15, 1930, the remedy that may have existed in favor of his surviving parents under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, as well as the defendants' prescribed liability thereunder to disburse compensation for said death, both passed out of existence.

In the case of Young v. Hoage, Deputy Commissioner, et al., 1937, 67 App. D.C. 150, 90 F.2d 395, 400, it was definitely held that the provision of the Longshoremen's and Harbor Workers' Compensation Act, requiring a claim for compensation to be filed by survivors within a year after the death, is mandatory; and that compliance therewith is *jurisdictional.*

The opinion of the court, toward the close, reads: " * * * It is enough to say, we think, that the rule is established that, where a statute gives a right of the character in question—a right unknown to the common law—and limits the time within which an action shall be brought to assert it, the limitation defines and controls the right. William Danzer & Co. v. Gulf R. Co., 268 U.S. 633, 45 S.Ct. 612, 69 L. Ed. 1126. In that view the objection made here is jurisdictional, and here there are no equities which we can properly consider. The objection, as the statute provides, was made at the first hearing of the claim, * * *".

In this present matter also, as already adverted to, proper objection was urged against further consideration of the Dawson claim, on the ground that it had not been seasonably filed with the Deputy Commissioner.

Furthermore, in the late case of Kobilkin v. Pillsbury et al., 9 Cir., 1939, 103 F.2d 667, 670, which reached the Supreme Court on certiorari, and was affirmed (by an equally divided court) on January 29, 1940, 60 S.Ct. 465, 84 L.Ed. ——, it was held: "It was the manifest Congressional intent *to deny* compensation in all cases of disability arising from accidental injury unless claim is filed within the time limited. *No provision. is made for exceptional cases.* * * *" (My own italicizing.)

The findings of the Deputy Commissioner, as evidenced by his order of May 18, 1935, and his rejection of the claim of complainant Margaret M. Dawson, is in accordance with law, and should, therefore, be sustained; and the preliminary injunction of June 25, 1935, enjoining and restraining said Deputy Commissioner Letus N. Crowell, in the manner and to the extent made to appear in the court's decree of that date, should now be recalled, vacated, and abrogated, as being no longer warranted in law, in the face of the approved rejection of the compensation claim at issue, because barred by the lapse of one year from the death of Robert Dawson.

Let a judgment in conformity with this opinion be, therefore, submitted for entry.