### ESCHBACH v. BROWN.
#### No. 48 C 892.

United States District Court
N. D. Illinois, E. D.
June 8, 1949.

826

Leslie G. Agasim, Chicago, Ill., Marcy K. Brown, Jr., Kansas City, Mo., for the plaintiff.

Otto Kerner, Jr., United States Attorney for the Northern District of Illinois, Chicago, Ill., for the defendant.

CAMPBELL, District Judge.

This is an action to set aside and enjoin the enforcement of an order of defendant denying and rejecting plaintiff's claim for compensation in a certain case pending before defendant, entitled, "In the matter of the claim for compensation under the Longshoremen's and Harbor Workers' Act, as extended by the Act of August 16, 1941, Defense Base Act, as amended, 42 U.S.C.A. § 1651: Carl Joe Eschbach, Claimant, v. Contractors, Pacific Naval Air Bases, Employer, Liberty Mutual Insurance Company, Insurance Carrier."

The facts may be stated briefly. Plaintiff was a carpenter by trade. In August, 1942, he entered into a contract of employment with the Pacific Naval Air Bases in Kansas City, Missouri. On August 24, 1942, he underwent a physical examination conducted by the employer's doctor, who discovered nothing physically wrong with him at the time. However, no chest x-rays were taken. On September 5, 1942, the contract of employment was reduced to writing. Shortly thereafter, he was shipped to Honolulu to work on a construction gang, arriving in September. Accommodations aboard ship were crowded. En route he began to suffer from an anal fistula. While on the job in Honolulu, he frequently was obliged to work under damp and unhealthy conditions. On January 3, 1943, he entered a hospital for an operation for the fistula. Prior to the operation, an x-ray revealed that he was suffering from tuberculosis. At that time, he had been suffering from fatigue and night sweats for approximately one month. The operation was performed, and he was shipped back to the United States in February, 1943. He has been in the Veterans' Hospital since his arrival.

The Deputy Commissioner conducted a hearing and made the following findings of fact, among others: (a) That the required notice of disease was not given by plaintiff to the employer within 30 days; (b) That the employer had full knowledge that plaintiff was suffering from tuberculosis within 30 days, but had no knowledge that the disease arose out of the employment; (c) That plaintiff is totally disabled; (d) That no claim for compensation was filed until January 12, 1948; (e) That the time for filing claim was not extended under the terms of Section 30(f) of the Longshoremen's Act, 33 U.S.C.A. § 930(f); (f) "That the evidence herein is insufficient to establish as a fact that claimant's illness arose out of, or in any wise, resulted from, or was aggravated by his employment". Defendant duly moved to dismiss the complaint on the ground that the findings and order of the Deputy Commissioner are supported by the evidence.

The Court is of the opinion that certain of the Deputy Commissioner's findings are erroneous as a matter of law. He found as a matter of fact that the time for filing a claim was not extended under Section 30(f) of the Act. Such a finding is, in reality, a conclusion of law rather than a finding of fact. The applicable sections of the Act are:

33 U.S.C.A. 913—"(a) The right to compensation for disability under this chapter

shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred."

33 U.S.C.A. 930—"(f) Where the employer or the carrier has been given notice, or the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier has knowledge, of any injury or death of an employee and fails, neglects, or refuses to file report thereof as required by the provisions of subdivision (a) of this section, the limitations in subdivision (a) of section 913 of this chapter shall not begin to run against the claim of the injured employee or his dependents entitled to compensation, or in favor of either the employer or the carrier, until such report shall have been furnished as required by the provisions of subdivision (a) of this section."

In the case at bar the employer did not file the required report. The Deputy Commissioner, however, found that the employer had full knowledge of the fact that plaintiff was suffering from the disease within 30 days, but had no knowledge that the disease arose out of the employment, and that, therefore, the employer had no duty to file the report. Such a conclusion, I believe, is clearly erroneous. The employer's ignorance or his independent judgment that the disease was not service-connected, cannot validly relieve him from the responsibility of filing the proper report.

Whether or not the employee fulfilled the conditions of Section 913 by filing his claim within one year is a matter of jurisdiction, and, as such, the finding of the Deputy Commissioner is reviewable by the District Court. "Section 13 is wholly different in its terms, is mandatory, and gives no discretion to the commissioner, but provides in plain words that the failure to file a claim within a year shall be an absolute bar to recovery—except where objection to such failure is not made at the first hearing. It is therefore jurisdictional." Young v. Hoage, 67 App.D.C. 150, 90 F.2d 395.

If, therefore, the time for filing a claim under Section 913 is jurisdictional, it follows that Section 930(f), which modifies 913, is similarly jurisdictional.

It would appear, at first, that the doctrine of Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598, could then be applied to this case, in that, where jurisdictional facts are in dispute, the District Court may grant a trial de novo of the cause. However, the Crowell case permits trials de novo only where constitutional jurisdictional facts are in controversy, and does not have reference to statutory jurisdictional facts. This view has been confirmed in South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Pittsburgh S. S. Co. v. Brown, 7 Cir., 171 F.2d 175; and Wm. Spencer & Son Corp. v. Lowe, 2 Cir., 152 F.2d 847, 849. The last-cited case states the rule quite plainly: "The appellant apparently contends, although without amplification by argument, that the district court erred in refusing to consider an affidavit submitted after the trial. The affidavit alleges that the claimant was a member of Lighter Captains Union, Local 996, International Longshoremen's Association. The relevancy of such fact is not apparent, but in any event no error was committed in excluding the affidavit for a trial de novo as to statutory jurisdictional issues is not permissible."

It follows, therefore, that the cause must be remanded to the Deputy Commissioner, with directions to make conclusions of law in accordance with this memorandum. Since the Deputy Commissioner erroneously concluded as a matter of law that he had no jurisdiction to hear the claim, his remaining findings of fact constitute mere surplusage.

The motion of the Deputy Commissioner to dismiss the complaint is denied and he is, therefore, enjoined from enforcing his order rejecting plaintiff's claim for compensation. Cause remanded to the Deputy

828

Commissioner with directions to make conclusions of law in accordance with this memorandum and to conduct a full hearing as to the remaining facts, e.g., whether the disease arose out of the employment, or was aggravated by the employment, and the like.