### LEA MATHEW SHIPPING CORPORATION and General Casualty Co. v. UNITED STATES EMPLOYEES' COMPENSATION COMMISSION et al.

No. 725.

District Court, W. D. Washington, N. D.

Sept. 5, 1930.

the employee $11.50, the amount expended by him for medicines, and further ordering that jurisdiction be reserved by the deputy commissioner to later determine the liability of the carrier for expenditures on account of medical services and the disability if any resulting from the injury.

The deputy commissioner found that the employee while shoveling copper ore inhaled the dust from it, causing nausea and an aggravation of bronchiectasis. In their petition plaintiffs assign five errors, in their brief but three are discussed, which latter alone will be considered.

Questions of fact determined by the commissioner will not be tried de novo by the court.

First. The deputy commissioner did not err in concluding that the aggravation of a pre-existing ailment was an "injury" within the statutory definition given in section 2 (2) of the act, section 902 (2), tit. 33, USCA.

Second. Complaint is made that as the *condition* which was aggravated by the copper ore dust existed prior to the employment it is unjust to charge the disability arising from the *condition* to this employer, the employment being for only five days, the employee resuming his employment in a few days, and the medicines charged being prescribed over a period of months.

The testimony of the employee and his physicians tends to show that the medicines were used in the treatment of the aggravated condition and not the condition as theretofore quiescent. The finding of the deputy commissioner having such support, this assignment of error has not been sustained.

Third. Complaint is made that the deputy commissioner has undertaken to retain jurisdiction concerning those matters above stated, it being contended that such course is unauthorized and contrary to the provision of sections 19 (c) and 22 of the act, sections 919 (c) and 922, tit. 33, USCA.

The propriety of the action of the deputy commissioner in this particular will not be determined in this proceeding. Such an order is not a final order, nor is it a "compensation order" within the meaning of section 21 of the act, section 921, tit. 33, USCA, giving this court jurisdiction to review such orders.

The injunction prayed will be denied and the petition dismissed. The decree will be settled upon notice, and the clerk will forthwith notify the attorneys for the parties of this ruling.

Ralph S. Pierce, of Seattle, Wash., for plaintiffs.

Anthony Savage, U. S. Atty. and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash., for defendant United States Employees' Compensation Commission.

Graham K. Betts, and W. G. Beardslee, both of Seattle, Wash., and L. B. Sulgrove, of Tacoma, Wash., for defendant Tom Tobin.

CUSHMAN, District Judge.

This is a suit by an employer and its insurance carrier under section 21 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1436 (section 921, tit. 33, USCA), to set aside an order of the deputy commissioner requiring the plaintiffs to pay