GRAIN HANDLING CO., Inc., et al. v. Mc-MANIGAL, Deputy Compensation Commissioner, et al.

No. 2216.

District Court, W. D. New York.

May 31, 1938.

counsel), for defendant Kenneth G. McManigal.

Winton Henry Church, of Buffalo, N. Y., for defendant Charles J. Sweeney.

KNIGHT, District Judge.

This is a suit brought to review a compensation order in favor of defendant Charles J. Sweeney pursuant to Title 33 U. S.C.A. § 921, subd. (b), section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act.

The claim filed specifies the nature of the injury as "a fibrosis of the lungs and other complications caused by exposure naturally resulting from the claimant's occupation as a grain shoveler." An award was made in the amount of $1,319.82 for compensation to January 7, 1938, and $16.-18 per week thereafter until otherwise ordered.

The complaint alleges that the compensation order is contrary to law in various particulars, and that it is based upon erroneous findings of essential facts.

■ The answer interposed to the original claim alleged that notice of the alleged injury was not given within the time required by law. This question has not been argued herein nor presented in plaintiffs' brief. The record does not disclose that the plaintiffs pressed the objection at the hearing before the Commissioner. Accordingly, they have waived any rights in this respect. Vide Section 12 (d) (2) of the Act, 33 U.S.C.A. § 912(d) (2); Southern Shipping Co. v. Lawson, Deputy Commissioner, D.C., 5 F.Supp. 321. No question is raised as regards the amount of the award.

■ Findings of Fact of the Commissioner, supported by substantial evidence, are final, Del Vecchio et al. v. Bowers, 296 U. S. 280, 56 S.Ct. 190, 80 L.Ed. 229; logical deductions drawn by the Commissioner are not subject to judicial review, Michigan Transit Corp. v. Brown, D.C., 56 F.2d 200; Del Vecchio Case, supra; but "an award not supported by evidence in the record is not in accordance with law," Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 291, 76 L.Ed. 598.

■ The sole question is whether the claimant sustained an "injury" within the meaning of the statute. The Longshoremen's Act is remedial. De Wald v. Baltimore & O. R. Co., 4 Cir., 71 F.2d 810. Where there is doubt it should be resolved in favor of the injured employee. Balti-

Brown, Ely & Richards, of Buffalo, N. Y., for plaintiffs.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (R. Norman Kirchgraber, Asst. U. S. Atty., of Buffalo, N. Y., of

more & Philadelphia Steamboat Co. et al. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366. The statute must be liberally construed. West Penn Sand & Gravel Co. et al. v. Norton, 3 Cir., 95 F.2d 498. Logical deductions drawn by the Commissioner are not subject to judicial review. Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229; Michigan Transit Corp. v. Brown, Deputy Commissioner, D.C., 56 F.2d 200; Simmons v. Marshall, Deputy Commissioner, 9 Cir., 94 F.2d 850.

■ To support an award there must be evidence to show that the claimant sustained "an injury", as that word is defined by the Act, and that there is a direct causal connection between the injury and the employment. Hoage v. Liberty Mutual Ins. Co., 64 App.D.C. 395, 78 F.2d 874; Speaks v. Hoage, 64 App.D.C. 324, 78 F.2d 208. With the above-mentioned rules of law in mind let us review the material testimony.

Claimant was by occupation a grain shoveler engaged on boats in the harbor of Buffalo, New York. Prior to June, 1935, he had been continuously engaged in that employment for twenty-five years. Plaintiff, Grain Handling Company, Inc., is a corporation engaged in loading and unloading grains. The defendant, State Insurance Fund of New York, is the insurer of the Grain Handling Company, Inc., against loss on account of liability for injuries to its employees. The substance of the testimony of the claimant is that on or about June, 1934, he began to have a cough, to spit up mucus, to become sleepless, to grow weak in strength and less in weight. This condition, in all these respects became increasingly worse until in June, 1936, when he was forced by his condition to disengage in employment and has not been able to do any work since the last mentioned date.

The claim here is predicated on the provisions of Section 2, subd. (2) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 902(2). As defined by this section of the Act, the term "injury" means "accidental injury or death arising out of and, in the course of the employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury * * *."

■ The finding of the Commissioner that the claimant had been employed by plaintiff, Grain Handling Company, Inc., for twenty-five years is erroneous. The record discloses such employment was for a period of only about two years. An employer "accepts employee subject to physical infirmities rendering latter more susceptible to injury than healthier person." Southern Shipping Co. v. Lawson, D. C., 5 F. Supp. 321, 322; Pacific Employers' Ins. Co. v. Pillsbury, Deputy Commissioner, 9 Cir., 61 F.2d 101; Lea Mathew Shipping Corp. v. U. S. Employees' Compensation Commission, D.C., 56 F.2d 860; Baltimore & O. Ry. Co. v. Clark, Deputy Commissioner, 4 Cir., 59 F.2d 595. The Commissioner has found that "claimant had been in good health * * * two years prior to June 15, 1936." The evidence does not support this finding. In the view taken herein neither erroneous finding is material.

The award can not be sustained upon the theory that the disability was caused by fibrosis of the lungs, although that was a contributing cause. There is substantial evidence that claimant had fibrosis of the lungs long prior to 1934. The evidence shows that no disability resulted from such fibrosis. There is no evidence to show that it is an "occupational disease" or "infection."

The Deputy Commissioner found that claimant "had in some manner contracted a tubercular condition which was in a latent state and that his employment * * * required him to work in thick grain dust causing the latent tubercular condition to become active and gradually growing worse over a period of two years prior to June 15, 1936, * * *." The substance of this finding is that a dormant tubercular condition was aggravated or activated by the employment and thus caused disability. This finding can be sustained despite the particular specification in the claim as presented. There is substantial evidence to support the award in the following summary of some of the testimony.

■ The undisputed evidence is that claimant is suffering from pulmonary tuberculosis. The claimant testified to physical conditions commencing in June, 1934, which are symptoms of active tuberculosis. Three physicians, both from physical examinations and X-rays, testified to conditions showing a probable dormant pulmonary tuberculosis of long standing. A reasonable conclusion from the evidence is that this resulted from a weakened condition brought on by flu in 1918. Dr. Strohm,

called by the plaintiff, testified that "The calcification would lead one to believe there are certain portions of it at least quite old. There are other areas that are softer and less dense which you would interpret as being a process which had been more recent." Dr. Donnelly, also called by the plaintiff, testified that the X-rays show calcified areas which are "tuberculosis and the fibrosis in itself might be tuberculosis." He also testified that "In the first place this man had a tubercular condition in the right upper. That is below the clavicle and also in apex. The next thing you will notice is you find calcified areas that are undoubtedly tubercular through the hilia. If you look over here you will find what they call a Ghon tubercle. That means an early infection, possibly childhood, of tuberculosis." He also testified that claimant's disabling factor is the tuberculosis. He also testified that "There are two distinct areas of tuberculosis markings; one calcifications which show an old healed condition and the other a softer area which shows a more recent infection," and that the softer areas shown in the X-rays indicated that the tuberculosis may have been active. While Dr. Sullivan, claimant's personal physician, testified that he diagnosed the case as "chronic Bronchitis", such a finding is not inconsistent with certain conditions indicative of tuberculosis. Dr. Stowe, called by the plaintiff, testified that a reading of the films showed "moderately advanced pulmonary fibrosis superimposed upon which is pulmonary tuberculosis." Dr. Strohm testified that the conditions under which the claimant was employed would be apt to hasten the development of tuberculosis. There is other testimony to the same effect by other physicians. Tuberculosis is a germ disease. It is not caused by work in grain dust. Grain dust is organic material. There is nothing to show that there was any inorganic material in the grain dust which could cause tuberculosis. However, it is not necessary to find that grain dust causes tuberculosis, if claimant was suffering from dormant tuberculosis, and this condition was activated or aggravated by employment in grain dust. While tuberculosis does not inhere in the occupation of working in grain dust, nevertheless the activating or aggravating of a prior condition was an "injury" as defined by the statute, since it can be said the aggravating or activating of a prior condition would naturally arise in this type of employment.

■ The law is well settled that the word "injury" as used in the statute includes any aggravation or activation of a previous condition, providing it can be said that such aggravation naturally arose out of the employment. Lea Mathew Shipping Corp. v. U. S. Employees' Compensation Commission, D. C., 56 F.2d 860; Hoage, Com'r, v. Employers' Liability Assur. Corp., 62 App. D.C. 77, 64 F.2d 715; Southern Shipping Co. v. Lawson, D.C., 5 F.Supp. 321.

Stress is properly laid on the fact that claimant had been in the same employment for many years without resultant disability. One explanation is that it is not known when the earlier condition of the tuberculosis arose. Further, the presumed results from this long employment are outweighed by positive testimony.

Attention has been called to several cases in the federal courts in which awards made for disabilities from diseases which did not naturally arise out of the occupation but arose during the employment were sustained. Types of these are: Todd Dry Docks, Inc., v. Marshall, 9 Cir., 61 F.2d 671, in which an employee on shipboard contracted meningitis from passengers on board; Hoage v. Royal Indemnity Co., 67 App.D.C. 142, 90 F.2d 387, 391, in which an employee suffered angina pectora caused by overwork; Hoage v. Employers' Liability Assur. Corp., 62 App.D.C. 77, 64 F.2d 715, in which amputation of leg was made necessary as a result of exposure to intense cold; Commercial Casualty Ins. Co. v. Hoage, 64 App.D.C. 158, 75 F.2d 677, in which disability arose from heavy work; Southern Shipping Co. v. Lawson, D.C., 5 F.Supp. 321, where disability resulted from a rupture; and Baltimore & O. R. Co. v. Clark, Com'r, 4 Cir., 59 F.2d 595, 599, where there was disability from heat prostration. Some of these awards were clearly allowable on the theory of "accidental injury." Todd Dry Docks, Inc., v. Marshall, supra, is a broad interpretation of the statute. It was there held that infections need not be "occupational" provided "disability" arose naturally out of the employment. If this is a correct interpretation of the law, the liability of the employer would seem to follow from any infection. The facts in these cases are not comparable with those presented here. This is not a case of accidental injury; it is not a case of infection, either "occupational" or otherwise.

752

█ While this court sitting as a Commissioner might reach a conclusion different from that arrived at by the Commissioner herein, this is of no moment in view of the fact that there is some substantial evidence to support the award.

The complaint must be dismissed.