**TRAVELERS INS. CO. et al. v. PARKER, Deputy Compensation Com'r, (RAGSDALE et ux., Interveners).**

No. 138.

District Court, E. D. Virginia, Norfolk Division.

Sept. 16, 1941.

Leon T. Seawell, of Norfolk, Va., for plaintiffs.

Sterling Hutcheson, U. S. Atty., and Russell T. Bradford, Asst. U. S. Atty., both of Norfolk, Va., for defendant E. V. Parker.

Stanley H. Kamerow, Washington, D. C., for intervening defendants.

WYCHE, District Judge.

This is a proceeding instituted under section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. A. § 921(b), to review a compensation order filed on January 9, 1941, by the defendant E. V. Parker, deputy commissioner for the fifth compensation district, in favor of Thomas and Annie B. Ragsdale, parents of Rubin T. Ragsdale. On August 12, 1938, Rubin T. Ragsdale, a longshoreman in the employ of William G. B. Thompson, while engaged in loading bulk nitrate into the hold of the S. S. "Baron Elphinstone" at Hopewell, Virginia, stumbled over the coaming of No. 3 hatch in the 'tween deck area of the ship and fell to the bottom of the lower hold, sustaining a crushed skull from which he died.

Plaintiffs had prompt notice of the employee's death and made full investigation with respect thereto. On September 1, 1939, formal claim for compensation was filed with the defendant deputy commissioner by Annie B. Ragsdale, and on February 20, 1940, formal claim was filed by Thomas Ragsdale. The defendants concede that these formal claims were filed more than one year after the employee's death and were, therefore, barred under the provisions of section 13(a) of the Longshoremen's Act, 33 U.S.C.A. § 913(a). But the defendants contend that the letter of Thomas Ragsdale, dated August 22, 1939, addressed to the deputy commissioner, and in which he makes the statement that both he and his wife were dependent upon the deceased son for support, considered in connection with the inquiry addressed to him by the deputy commissioner in the latter's letter of August 17, 1938, as to whether the parents claimed to be dependent, was sufficient to meet the requirements of section 13(a) of the act as to limiting the time for filing of a claim.

A hearing in the case was held before the deputy commissioner on November 14, 1940, and the transcript of the testimony taken at said hearing has been made a part of the record for review by this court. Based upon the evidence adduced at the hearing the deputy commissioner filed the compensation order of January 9, 1941, complained of in the petition for review, in which he awarded compensation to Thomas and Annie B. Ragsdale, parents of the said Rubin T. Ragsdale, upon finding, among other things, that (1) the injury sustained by Rubin T. Ragsdale arose out of and in the course of his employment, (2) the parents were dependent upon their son at the time of his death, and (3) that there had been a sufficient compliance by the parents with the provisions of section 13(a) of the Longshoremen's Act, 33 U.S.C.A. § 913(a), as to the filing of claim for compensation.

The questions raised by plaintiffs' petition for review are (1) whether the death of said employee arose out of and in the course of his employment, (2) whether the parents were dependent upon the said employee at the time of his death, and (3) whether there was a sufficient compliance by the parents with the provisions of sec-

tion 13(a) of the Longshoremen's Act requiring claim for compensation to be filed within one year after the death of the employee. There is substantial evidence in the record to support the deputy commissioner's findings of fact to the effect that the fatal injuries sustained by Ragsdale arose out of and in the course of his employment, and that the parents were dependent upon their son at the time of his death. The findings of fact of the deputy commissioner on these points, being supported by substantial evidence, are final and conclusive and cannot·be disturbed by me. South Chicago Coal & Dock Co. v. Bassett, Deputy Commissioner, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Voehl v. Indemnity Insurance Company of North America, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A. L.R. 245; Del Vecchio v. Bowers, 296 U. S. 280, 56 S.Ct. 190, 80 L.Ed. 229; Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L. Ed. 598; Jules C. L'Hote et al. v. Crowell, Deputy Commissioner, 286 U.S. 528, 52 S. Ct. 499, 76 L.Ed. 1270.

The remaining question for my determination is whether there was sufficient compliance by the parents of the employee with the provisions of section 13(a) of the Longshoremen's Act relating to the filing of claim for compensation. This section of the Act, 33 U.S.C.A. § 913(a), provides as follows: "The right to compensation for disability under this Act [chapter] shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred."

The defendants contend that upon receiving from the employer a report of the death of Ragsdale, the deputy commissioner under date of August 17, 1938, which was within a few days following the employee's death, wrote to the father of the employee, Thomas Ragsdale, advising him of the death of his son, explaining to him the benefits provided by the Longshoremen's Act, and specifically asking him to advise the deputy commissioner whether he or his wife claimed to have been dependent for support upon their son; that in reply thereto Thomas Ragsdale, the father, wrote to the deputy commissioner under date of August 22, 1938, a letter in which he advised the deputy commissioner that he and his wife were dependent upon the deceased employee for support at the time of his death, and that the correspondence with the deputy commissioner constituted a sufficient compliance by the parents with the provisions of section 13(a) of the Longshoremen's Act.

The letter of the deputy commissioner, dated August 17, 1938, to Thomas Ragsdale reads as follows: "This office has received report from Mr. Wm. G. B. Thompson of Hopewell, Virginia, to the effect that your son, Rubin T. Ragsdale, was fatally injured on August 12, 1938, while loading nitrate into the hold of a ship at Hopewell.

"This injury and death comes under the provisions of the Federal Longshoremen's and Harbor Workers Compensation Act, which is administered by this office. The law provides that in case of accidental death arising out of and in the course of employment, death benefits are payable to certain dependents such as the widow, children under eighteen, and dependent parents and grandparents.

"You are requested to advise me whether or not your son left surviving him a widow or any children under the age of eighteen; also whether or not yourself or your wife claim to have been dependent for support upon your son.

"The funeral and burial expenses are also allowed in the sum not to exceed $200.-00. The enclosed form US-265 may be turned over by you to the undertaker who conducted the funeral, so that he can execute it and return it to this office."

Thomas Ragsdale's letter to the deputy commissioner, dated August 22, 1938, reads as follows: "replying to your letter of the 17th instant in regard to my son, Rubin Thomas Ragsdale, deceased, I beg to advise that he was unmarried, with no children. My wife, Annie B. Ragsdale, and I were dependent upon him for support.

"I return herewith form US-265 duly executed."

The deputy commissioner inclosed with his letter to Thomas Ragsdale form US-265, the purpose of which was to claim funeral benefits, and Thomas Ragsdale returned with his letter said form duly executed. Under section 2(12) of the Act, 33 U.S.C.A. § 902(12), the term "compen-

sation" is defined as including "funeral benefits" provided in the Act.

■ Neither the Longshoremen's Act nor the rules and regulations of the United States Employees' Compensation Commission promulgated thereunder (Code of Federal Regulations, Title 20, Subchapter C, Part 1, § 31.1 et seq.) requires that a claim for compensation shall be filed on any particular form. Any letter or notice to the deputy commissioner from which it may reasonably be inferred that a claim for compensation is being made is sufficient to meet the requirements of the statute for filing claims. In the case of Louisiana-Texas Waterways Co. et al. v. United States Employees' Compensation Commission, D.C.Ky.1935, 19 F.Supp. 396, which arose under the Longshoremen's Act, the applicable authorities have been collected and analyzed. In that case the claimant's attorney wrote to the deputy commissioner identifying the accident and requesting blank forms for filing claim. The letter did not state that claim for compensation was being made, it merely indicated a desire to file a claim. The court held that such letter was sufficient to toll the statute of limitations in section 13(a) of the Longshoremen's Act.

In Kaplan v. Kaplan Knitting Mills, Inc., 248 N.Y. 10, 161 N.E. 204, 206, which arose under the New York workmen's compensation law, the claimant's attorney wrote to the New York Industrial Commission giving notice of injury, describing it and stating that "The dependents of the said employee expressly reserve the right to hereafter elect whether to take compensation for said injuries or to sue any third party by reason of the occurrence above mentioned, or both." The letter did not specifically make claim for compensation, it merely gave notice of injury. The court in a well-reasoned opinion held that the letter constituted the filing of both notice of injury and claim for compensation. The court said: "There is no reason that I know of why the notice of injury served upon the commissioner may not also contain a claim for compensation. There is nothing in the law that requires them to be two separate and distinct papers, or that they shall be phrased in any particular language. The Workmen's Compensation Law was particularly framed to avoid legal terminology and the technicalities of law pleading. It was intended that the working people themselves could make and file these claims and give the notice of injury. The cost and expense of employing attorneys were to be avoided if possible. The act was for the benefit of the working man and his family, not for the profession. The notice, therefore, of injury and the claim for compensation are sufficient when the facts of the injury are stated with reasonable certainty, and it is also reasonably to be inferred that a claim for compensation is being made. In Matter of Petrie, 215 N.Y. 335, 109 N.E. 549, this court said: 'The statute was the expression of what was regarded by the Legislature as a wise public policy concerning injured employees. Under such circumstances we think that it is to be interpreted with fair liberality, to the end of securing the benefits which it was intended to ·accomplish.' * * * This notice could have been drawn in much better form, and the widow's claim presented, in much clearer language. She might have adopted the form of the commissioner which says very tersely, 'I claim compensation.' There is no fatality, however, in failing to use these forms. Any notice which conveys to the commissioner that the widow is claiming the compensation and benefits of the Workmen's Compensation Law is sufficient. I think this notice clearly indicates such an intention. In fact, the law presumes that a sufficient notice of claim has been given. Such is the liberality with which this law is to be construed. * * *"

■ The Longshoremen's Act, 33 U.S. C.A. § 901 et seq., should be liberally construed in favor of the injured employee or his dependent family. Baltimore & Philadelphia Steamboat Co. v. Norton, Deputy Commissioner, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366; DeWald v. Baltimore & O. R. Co., 4 Cir., 71 F.2d 810, certiorari denied October 8, 1934, 293 U.S. 581, 55 S.Ct. 94, 79 L.Ed. 678; Fidelity & Casualty Co. of New York v. Burris, 61 App.D.C. 228, 59 F.2d 1042.

■■ Thomas Ragsdale's letter of August 22, 1938, must be construed in connection with the deputy commissioner's letter of August 17, 1938, to which it expressly refers and replies. So read and construed it may reasonably be inferred therefrom that a claim for compensation was being made for himself and his wife. In my opinion, this correspondence constituted a sufficient compliance with the provisions of section 13(a) of the Longshoremen's Act relating to the filing of claims for compensation.

Plaintiffs rely upon the case of Young v. Hoage, 67 App.D.C. 150, 90 F.2d 395, 398, which arose under the Longshoremen's Act as applied in the District of Columbia, to uphold their contention that the letter of Thomas Ragsdale, the father, of August 22, 1938, did not constitute the filing of a claim under the provisions of section 13(a) of the Longshoremen's Act. The instant case appears to be distinguishable from the Young case in that in the latter case the letter written by the claimant by its terms refers only to section 12 of the Longshoremen's Act, which relates to "notice of injury" and not to claim for compensation, and there is nothing in the language used in such letter from which it might be inferred that a claim for compensation was being made. The court in deciding against the claimant in the Young case said that "As we have pointed out, claimant's May 17 letter in its statement of the cause of death shows only a noncompensable injury and nowhere a suggestion of a right or claim to compensation."

■■ It is contended by the plaintiffs for the first time that the letter of August 22, 1938, by Thomas Ragsdale should not be construed as a claim for compensation on behalf of Annie B. Ragsdale. Thomas Ragsdale stated in his letter to the deputy commissioner as follows: "My wife, Annie B. Ragsdale, and I were dependent upon him for support." It therefore appears that this writing constituted the filing of a claim for compensation for Thomas Ragsdale, as well as for Annie B. Ragsdale, his wife. Texas Employers' Ins. Association v. Williams et al., Tex.Civ.App., 57 S.W.2d 218. Moreover, plaintiffs failed to raise any issue before the deputy commissioner on this point and the deputy commissioner has had no opportunity to consider the matter, nor was the point raised in plaintiffs' petition for review. Plaintiffs, therefore, waived any right they may have had to have the court consider any question with respect thereto. Maryland Casualty Company v. Frank A. Cardillo, Deputy Commissioner, and Mary Najjum, 71 App.D.C. 160, 107 F.2d 959; Southern Shipping Co. v. Lawson, Deputy Commissioner, D. C., 5 F.Supp. 321; Metropolitan Casualty Insurance Co. v. Hoage, Deputy Commissioner, 67 App.D.C. 54, 89 F.2d 798; Liberty Stevedoring Co., Inc. v. Cardillo, Deputy Commissioner, D.C., 18 F.Supp. 729; Grain Handling Co., Inc. v. McManigal, Deputy Commissioner, D.C., 23 F.Supp. 748; State Treasurer v. West Side Trucking Co., 198 App.Div. 432, 191 N.Y.S. 346, affirmed, 233 N.Y. 202, 135 N.E. 244.

■ Plaintiffs also contend in their petition that on September 1, 1939, more than a year after the accident, a formal claim on behalf of Annie B. Ragsdale was received by the deputy commissioner; that on November 14, 1939, the former counsel for the Ragsdales advised the deputy commissioner that they had completed their investigation and "moved the deputy commissioner to dismiss the claim", sending a copy of said motion to the Travelers Insurance Company, and that on November 16, 1939, the deputy commissioner acted upon said motion, advising the former attorneys for the claimants that their motion was accepted and that no further action would be taken by the deputy commissioner. In this connection it appears that any withdrawal or dismissal of the claim of Annie B. Ragsdale related solely to the formal claim filed by her on September 1, 1939, which was barred under the statute, and any dismissal or withdrawal thereof could not affect the previous claim filed on her behalf by Thomas Ragsdale in his letter of August 22, 1938, nor could it affect the validity of any claim filed by Thomas Ragsdale.

■ Moreover, it appears from the record that the deputy commissioner never formally authorized the withdrawal of any claim filed by or on behalf of the Ragsdales, nor was plaintiffs' motion to dismiss claim filed in accordance with section 31.7 of the regulations of the United States Employees' Compensation Commission governing the administration of the Longshoremen's Act, 20 C.F.R. § 31.7. This section provides: "Withdrawal of claim for compensation. Any claimant not desiring to proceed with a claim filed in case of injury or death pursuant to said Act and the regulations in this subchapter, may apply for withdrawal of the claim to the deputy commissioner with whom filed, stating the reason for such withdrawal. The deputy commissioner whose jurisdiction has been invoked by the filing of such claim shall in consideration of such application determine whether such withdrawal is for a proper purpose and for the claimant's best interest prior to authorizing such withdrawal. Any claim so withdrawn is withdrawn

without prejudice to the filing of another claim subject to the provisions relating to the limitation of time in section 13 of said Act." Former counsel of claimant gave no reason or ground for withdrawal of the claim of Annie B. Ragsdale. The commissioner made no determination or decision whether such withdrawal was for a proper purpose and for the claimant's best interest. The attempted dismissal of the claim, therefore, was ineffective.

It follows, therefore, that judgment should be entered dismissing the complaint.