**SLADE v. BRANHAM, Deputy Commissioner, United States Compensation Commission, et al.**

No. 2557.

District Court, D. Maryland.

Nov. 28, 1942.

Benj. B. Cooper, of Baltimore, Md., for claimant.

Bernard J. Flynn, U. S. Atty., and C. Ross McKenrick, Asst. U. S. Atty., both of Baltimore, Md., for deputy commissioner.

E. Ridgely Simpson, of Baltimore, Md., for Merchants & Miners Transp. Co.

CHESNUT, District Judge.

This is a proceeding to set aside an order of the Deputy Commissioner under the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921. The claim was filed on March 7, 1942 by Emma Slade as widow of John Slade who died June 1, 1940. The Deputy Commissioner rejected the claim because not filed within one year after the death of the husband-employe. The plaintiff, Emma Slade, now contends that she filed a legally sufficient claim for compensation for the death of her husband on June 3, 1940.

The facts found by the Deputy Commissioner may be very briefly summarized. The employe, John Slade, was injured October 8, 1936, and received disability payments from his employer, the Merchants and Miners Transportation Company, from October 9, 1936, to May 31, 1940. He died at the Baltimore City Hospital on June 1, 1940. On June 3, 1940 Emma Slade requested from the employer money to bury her husband. She was referred to the Deputy Commissioner. She visited his office the same day and presented a death certificate which gave as the cause of death several diseases apparently in no way related to the injury. The secretary of the Deputy Commissioner informed her that in view of the statements in the death certificate the employer would probably controvert any claim for compensation and funeral expenses, and sent her to the Legal Aid Bureau to see if they could assist in having her husband buried. She then left the office of the Deputy Commissioner and did not communicate again with his office

for any purpose until a formal claim was filed on March 7, 1942. The secretary to the Deputy Commissioner made a written memorandum of her visit in accordance with the above account.

It is the plaintiff's present contention that her exhibition of the death certificate to the secretary and the latter's written memorandum constituted in legal effect a claim for legal compensation. The death certificate was not left with the secretary and has not now been produced. The widow did not testify at the hearing given her by the Deputy Commissioner upon her claim filed March 7, 1942. There was no explanation of her failure for nearly two years to prosecute the claim. The employer promptly made objections to the claim as filed too late under the Act.

After hearing counsel and reading the very brief papers in the case, and upon consideration of the applicable law, I conclude that the finding of the Deputy Commissioner that no claim was filed within a year and his conclusion of law that the claim must therefore be rejected, must be *affirmed* and the present proceeding dismissed.

33 U.S.C.A. § 919 provides for the procedure in respect to claims. The Compensation Commission is authorized to prescribe regulations for the form of the claims to be filed. Section 912 provides that notice of injury or death shall be given to the deputy commissioner and to the employer within thirty days after the date of such injury or death. The notice "shall be in writing * * * and shall be signed by the employee or by some person on his behalf, or in case of death, by any person claiming to be entitled to compensation for such death or by a person on his behalf;", but the failure to give such notice may be excused by the Deputy Commissioner for some satisfactory reason. However, section 913 which requires the filing of a claim within a year may not be so excused by the Deputy Commissioner and is therefore jurisdictional, if the employer seasonably makes objection. The Act, 33 U.S.C.A. § 901 et seq., is to be liberally construed. Kropp v. Parker, Deputy Commissioner, D.C.Md., 8 F.Supp. 290. But counsel have not been able to refer me to any decided case where a merely oral claim made within a year has been held legally sufficient. The form (U. S.-262) for claim for compensation arising out of death prescribed by the regulations is very simple and requires in substance only making claim for compensation for the death of a named employe of a named employer as a result of injuries sustained on a certain date and names of dependents, and if claim is made by a widow, her age and when married, over the signature of the claimant and under affidavit. Despite the form prescribed by the regulations the general trend of decision seems to be that any written notice by or on behalf of the claimant evidencing an intention to make a claim within a year will be treated as sufficient. But if these minimum requirements are not met a claim made after the expiration of a year and promptly objected to by the employer must be rejected. Young v. Hoage, Dep.Comm., 67 App.D.C. 150, 90 F.2d 395; Ayers v. Parker, D.C., 15 F.Supp. 447, at page 449, Judge Coleman.

In the instant case it is clear that the plaintiff did not at any time within the year file any claim even of the most informal nature in writing with the Deputy Commissioner or his secretary. Nor does it affirmatively appear that the plaintiff at the time of her oral interview with the secretary then intended to make a claim for compensation for death benefits. Apparently her purpose was to obtain money for funeral expenses. It is clear that on the facts found by the deputy commissioner on substantial evidence that the plaintiff did not make even in the most informal way a claim that her husband's death was the result of his long prior injury. It is not possible to treat the written memorandum made by the secretary as a claim made or filed by the claimant. It is apparent from the memorandum itself that the secretary did not understand that the plaintiff was in fact making a claim for death benefits. Testifying as a witness she said that in substance what Mrs. Slade came to see her about was how she could get money for the funeral expenses for her husband. The secretary pointed out that the cause of death as given in the death certificate was such that it was probable that the employer would oppose paying funeral expenses and the plaintiff was referred to the Legal Aid Bureau. She apparently then abandoned any further idea of making a claim on the employer for the payment of funeral expenses. And if she had ever had the intention to make claim for compensation

for the death of her husband she failed to thereafter make the claim within a year.

For these reasons the order of the Deputy Commissioner is affirmed and the complaint in this case is hereby dismissed.