**Luke FEENEY, Plaintiff,**

v.

**John A. WILLARD, as Deputy Commis-
sioner, Second Compensation Dis-
trict, Defendant.**

United States District Court,
S. D. New York.

March 3, 1955.

Phillips & Kalb, New York City, for plaintiff.

J. Edward Lumbard, New York City, by: Maurice N. Nessen, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

Plaintiff is a longshoreman whose claim for compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., was rejected by the defendant Deputy Commissioner as not timely filed. Judicial review of the administrative proceedings is invoked by a complaint that seeks a mandatory injunction setting aside the order of rejection and directing defendant to award compensation to the plaintiff. 33 U.S.C.A. § 921(b). The issues are presented for decision by cross-motions for summary judgment.

The basic facts are not in dispute, but the effect given those facts by the Deputy Commissioner in his findings is in dispute, in contemplation of 33 U.S.C.A. § 913, relating to the time for the filing of claims. Section 913(a) provides that the right to compensation is barred unless a claim is filed within one year after the injury; but under § 913(b) such failure to file shall not be a bar unless objection is made at the first hearing of the claim in which all parties in interest are given reasonable notice and opportunity to be heard. Plaintiff claims to have suffered an injury during the course of his employment on February 26, 1952. A formal claim was filed more than a year later, on August 20, 1953. However, within a year from the date of the accident, in January of 1953, the United States Department of Labor received the following letter, signed and sworn to by the plaintiff:

"I, Luke Feeney, of 187 East 95th Street, New York, New York, injured in an accident on January [sic] 26, 1952 at Pier 45 North River, while employed by Huron Stevedoring Company, do hereby authorize my attorneys above named, or their representatives, to examine any and all records pertaining to my accident."

The plaintiff contends that this letter should be considered as his claim, but the Deputy Commissioner found as a fact that his claim was filed on August 20, 1953, more than a year after the alleged accident. Plaintiff further argues that even if his letter may not be considered a claim, and even if his claim was filed late, he may not be barred for late filing because, under § 913(b), no objection was raised by the employer at the first hearing. It appears that after the receipt of the formal claim on August 20, 1953, a prehearing conference was held on November 30, presided over by a claims examiner, and no objection to late filing was taken. However, the employer did raise the objection at a formal hearing conducted by the Deputy Commissioner on June 18, 1954. And the Deputy Commissioner found as a fact that objection to untimely filing was raised by the employer at the first hearing when all parties in interest were present or represented.

Thus, the issues are the propriety of the Deputy Commissioner's findings which are, in effect, that the plaintiff's letter of January, 1953 did not constitute a claim, and that the "first hearing" at which objection to untimely filing had to be raised was not the prehearing conference but the formal hearing before the Deputy Commissioner. The plaintiff urges that the Deputy Commissioner's labeled findings of fact are erroneous conclusions of law.

The scope of permissible judicial review of the administrative proceedings is circumscribed by the well

settled rule that the Deputy Commissioner's findings of fact are conclusive if, on the record considered as a whole, there is substantial evidence to support them, and if they are not inconsistent with the law. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Cardillo v. Liberty Mutual Company, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; Gooding v. Willard, 2 Cir., 209 F.2d 913. "[The] Act must be liberally construed in conformance with its purpose, and in a way which avoids harsh and incongrous results." Voris v. Eikel, 346 U.S. 328, 333, 74 S.Ct. 88, 92, 98 L.Ed. 5. But even if the Deputy Commissioner's findings be considered "more legal than factual in nature, the reviewing court's function is exhausted when it becomes evident that [his] choice has substantial roots in the evidence and is not forbidden by the law." Cardillo v. Liberty Mutual Company, supra, 330 U.S. at page 478, 67 S.Ct. at page 807.

■■ The only evidence in the record upon which the Deputy Commissioner could have based a finding of a claim timely filed was the letter written by the plaintiff in January of 1953, and there is both factual and legal justification for the conclusion that the letter did not constitute a claim. On its face, the letter employs no terminology of claim or demand or notice of intention to proceed for compensation. It is merely a step in a preliminary investigation to determine whether or not such a claim might be filed. There is nothing in it to alert the compensation authorities to put in operation the machinery of processing claims, and apparently, they were not so alerted. There is, in short, not only nothing about the letter under the most generous construction from which it could be reasonably inferred that a claim for compensation was being made, but on the contrary the reasonable inference to be drawn was that the decision to make a claim would depend upon the results of the examination of the records by plaintiff's attorneys. Such an interpretation of the letter is entirely consistent with the authorities which have laid down the general rule that any correspondence by the claimant or his attorney from which it may reasonably be inferred that a claim for compensation is being made shall be interpreted as a claim. Young v. Hoage, 67 App.D.C. 150, 90 F.2d 395; Slade v. Branham, 4 Cir., 48 F.Supp. 769; Travelers Ins. Co. v. Parker, 4 Cir., 40 F.Supp. 692; cf., Louisiana-Texas Waterways Co. v. U. S. Employees' Compensation Commission, D.C., 19 F.Supp. 396; Kaplan v. Kaplan Knitting Mills, 248 N.Y. 10, 161 N.E. 204. The finding of the Deputy Commissioner, therefore, involving a determination that the letter did not constitute a claim, was not inconsistent with the law.

■ The second assailed finding, that objection to late filing was raised at the first hearing, puts in issue the problem of what constitutes a hearing under the Compensation Act. Section 919(c) makes provision for the ordering of a formal hearing by the Deputy Commissioner, upon notice, to be followed within twenty days by his adjudication. A regulation issued under the Compensation Act makes provision for a proceeding called a prehearing conference. 20 C.F.R. § 31.8. It may be held by any person designated for the purpose by the Deputy Commissioner or Assistant Deputy Commissioner, and was in this case held by a claims examiner. The purpose of a hearing is to decide whether the claim should be rejected or an award made based upon it. The purpose of a prehearing conference is to dispose of controversies amicably where possible, to narrow issues and to simplify the subsequent methods of proof. While it is called upon notice, it must be kept informal and not stenographically reported. The person in charge of the conference prepares, at its conclusion, a memorandum setting forth the results achieved, and he may make recommendations to the parties for the disposition of the controversy, but his recommendations do not amount to a decision and they will not affect or prejudice the rights of any party, or the further adjustment of the case if they are not accepted.

"Hearing" is a term of art in administrative proceedings, and if it is to have any significance it must be in connection with a determination of issues. Hearings provide the basis for determinations, and an opportunity to be heard is an opportunity to influence decision. Where no decision is to be forthcoming, the point of a hearing is absent, and it is pointless, therefore, to describe as a hearing a procedure which can in no way conclude the parties. Indeed, the regulation, 20 C.F.R. § 31.8, does not describe the procedure as a hearing, but as a conference. The prehearing conference in this case was presided over by a claims examiner who had no power to make an award and nothing that occurred before him served as a basis for decision by the Deputy Commissioner. Only the Deputy Commissioner may make a determination of the claim, Lumber Mut. Casualty Ins. Co. of New York v. Locke, 2 Cir., 60 F.2d 35, and therefore it seems reasonable to interpret the words " 'at the first hearing' " to mean " 'at the first opportunity upon going before the Deputy Commissioner.' " Grain Handling Co. v. McManigal, D.C., 30 F.Supp. 974, 976.

Moreover, the regulation provides that what shall occur at a prehearing conference is a "discussion", § 31.8(c), and any stipulations on evidence relate to evidence to be used at a later formal hearing, § 31.8(d). No testimony is taken at a prehearing conference and neither the claimant nor the employer adduced any testimony in this case until the formal hearing before the Deputy Commissioner (at which time it was, under 33 U.S.C.A. § 923(b), stenographically reported). Therefore, even if the claims examiner had possessed the power of decision, what occurred before him did not amount to a hearing because it could not in any event have been the basis for decision. What happened at the prehearing conference was exploratory and entirely preliminary to a resolution of the issues.

It is true that the raising of the objection of untimely filing at the prehearing conference would have served the purpose of the conference in narrowing the issues. But to preclude a party on the basis of an incomplete presentation at the preliminary informal conference would be in derogation of the exploratory purpose of the conference, which contemplates discussion, discovery and possible further investigation.

Since I conclude that § 913(b) does not contemplate the prehearing conference as the "first hearing" at which objection must be taken to untimely filing, the finding of the Deputy Commissioner that the objection raised at the formal hearing before him was taken at the first hearing of the claim is not erroneous as a matter of law. There is, of course, no dispute that the objection was raised at the first hearing before the Deputy Commissioner. There is no evidence to indicate that the prehearing conference was a hearing of the claim in which all parties in interest were given reasonable notice and an opportunity to be heard, and the record as a whole supports the finding that objection was raised at the first such hearing.

Accordingly, summary judgment for the defendant will be granted.