**NACERIMA OPERATING CO.**
and
**Travelers Insurance Co.**
v.
**Thomas F. HUGHES, Deputy Commissioner of the Third Compensation District, United States Employees' Compensation Commission.**

Civ. A. No. 34055.

United States District Court
E. D. Pennsylvania.
June 26, 1964.

Murphy & Senesky, Philadelphia, Pa., for plaintiffs.

Drew J. T. O'Keefe, U. S. Atty., Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., Charles Donahue, Sol. of Labor, Alfred H. Myers, James E. Hughes, U. S. Dept. of Labor, Washington, D. C., for defendant.

HIGGINBOTHAM, District Judge.

Plaintiffs, Nacerima Operating Company and Travelers Insurance Company, seek to set aside and enjoin[1] the enforcement of an order awarding compensation to claimant, Jules Kochinsky, which was entered by Deputy Commissioner Thomas Hughes pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act.[2] Jurisdiction is vested in this Court to review compensation orders by § 21 of the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. § 921. Both parties have filed motions for summary judgment.

The following findings were made by the Commissioner:

On August 4, 1961, claimant, a longshoreman, was loading steel for his employer, Nacerima Operating Company, aboard the SS Kennar where he was hit by a falling draft of steel across the left side of his body and lumbar region. The impact knocked him forward and pinned him against other beams. As a result of the accident claimant suffered contusion and sprain of the lumbosacral region, laceration and contusion of the left elbow with molearlar fracture of the distal end of the left humerus, laceration of the left hip with echipuosis, laceration of the left knee and left side of the head, contusion of the chest, and unconsciousness.

In reviewing claimant's prior medical history, the Commissioner found that he had a pre-existing congenital spinal sacralization of the fifth lumbar segment which was not affected by the injury. In 1957, a ruptured intervertebral disc between the fifth lumbar and first sacral vertebra was removed. A spinal fusion was effected between these two vertebrae resulting in a loss of the right achilles reflex, a permanent defect. This did not interfere with claimant's performance of unrestricted longshore work from 1959 to the date of the injury here in question. Commissioner concluded that the injury of August 4, 1961, did not aggravate the pre-existing spinal fusion.

Commissioner found claimant "temporarily totally disabled" from August 5, 1961, to September 12, 1962, for which he was entitled to compensation for 57 5/7 weeks. The employer and its compensation insurance carrier, Travelers Insurance Co., voluntarily paid this amount. A further finding was that claimant, as a result of the injury, developed conversion hysteria which rendered him "temporarily partially disabled" from September 13, 1962, to July 3, 1963, on which date he was still so disabled. The compensation order directed the continuation of bi-weekly payments to claimant until the disability shall have ceased or until otherwise ordered. Employer and insurance carrier have made no payments for the partial disability based on conversion hysteria.

---

1. In the alternative, plaintiffs' request that the proceedings be remanded.

2. 33 U.S.C. § 901 et seq.

Plaintiffs raise several objections to the compensation order. First, they claim that the Commissioner's findings are not supported by the record; specifically questioned is his finding that the conversion hysteria of September 13, 1962, is causally related to the injury of August 4, 1961. The main thrust of this attack is against the testimony of Dr. Manuel Sall who testified that there was a causal relationship. Of the three physicians who testified, Dr. Sall is the only physician who is certified as a neurologist and psychiatrist. The two witnesses who testified for plaintiffs, Doctors Myers and Blaker, are orthopedists. Viewing the record as a whole I find substantial evidence for the Commissioner's findings. See O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5 (1953).

Next, plaintiffs argue that claimant was not entitled to benefits from December 23, 1962, to January 26, 1963—the period during which there was a strike in the Port. Since plaintiffs' counsel had the opportunity and did not raise this issue at the hearing before the Commissioner, he has waived the right to raise it here on review. It should also be mentioned that the term "disability" is defined in the Act as an "incapacity * * * to earn the wages * * * in the same or *any other employment*." 33 U.S.C. § 902(10). (Emphasis supplied.) The mere existence of a strike at the Port is not tantamount to the unavailability of other employment opportunities had claimant not been injured.

Plaintiffs also maintain that claimant failed to comply with the notice requirements as to the disability resulting from conversion hysteria. Plaintiffs contend they are entitled to separate notice for each new medical complication and that the claim petition should have been amended to include the development of conversion hysteria.

The Act requires written notice of the accident to be given within 30 days after the accident, except "if the employer * * * or the carrier had knowledge of the injury * * * and the deputy commissioner determines that the employer or carrier has not been prejudiced by failure to give such notice." 33 U.S.C. § 912(d). Here, Commissioner found that though the employer was not given written notice of the accident, it had knowledge of the injury and was not prejudiced by the lack of written notice. There is substantial evidence in the record considered as a whole to support this finding, particularly the facts that plaintiffs knew a head injury was involved; that Commissioner had advised insurer prior to the hearing that claimant should receive a neurological examination; and that at the hearing, insurer's counsel stated "the examination of the impartial physician indicates that whatever condition does exist is *psychogenic* in character and not an orthopedic problem." (Emphasis supplied.)

Plaintiffs also assert that the one year limitations period of § 913(a) has not been satisfied. Section 913(a) of the Act provides "that if payment of compensation has been made without an award * * * a claim may be filed within one year after the date of last payment. * * *" 33 U.S.C. § 913(a). Since carrier suspended payments in May of 1962, and claimant filed his claim noting head injuries one month later, in June of 1962, this was a sufficient "claim" within the meaning of the statute and put plaintiffs on notice of the general nature of the injuries within the one year period of the statute. Cf. Employers Liability Assurance Corp. v. Donovan, 279 F.2d 76 (5th Cir. 1960); Travelers Insurance Co. v. Parker, 40 F.Supp. 692 (E.D.Va.1941).[3]

Since Commissioner's order is supported by substantial evidence and is not contrary to law, judgment must be entered in his favor.

3. Plaintiffs raise several other technical objections which are not meritorious and do not warrant discussion.