**PEERLESS INSURANCE COMPANY and Great Lakes Storage and Contracting Company, Plaintiffs,**

v.

**Francis H. HILL and George A. Byrne, Deputy Commissioner, Bureau of Employees' Compensation, United States Department of Labor, 10th Compensation District, Defendants.**

**No. 5-69 Civ. 22.**

United States District Court, D. Minnesota, Fifth Division.

Dec. 30, 1969.

browski v. Burbank, 123 U.S.App.D.C. 90, 358 F.2d 821 (1966) reversed on other grounds 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967).

————◆————

Hammer, Weyl, Halvorson & Watters, by William D. Watters, Duluth, Minn., for plaintiffs.

Thomas W. Gruesen, Duluth, Minn., for defendant Francis H. Hill.

Robt. G. Renner, U. S. Atty., by Peter Thompson, Asst. U. S. Atty., for defendant George A. Byrne.

NEVILLE, District Judge.

This action seeks a judicial review of findings of fact and a resulting order awarding compensation to Francis H. Hill under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. made by Deputy Commissioner George A. Byrne, United States Department of Labor, Bureau of Employees' Compensation (Bureau).

Defendant Hill, while aboard ship and in the course of his employment with the plaintiff, Great Lakes Storage and Contracting Company, suffered an injury on July 2, 1963 to his right hand when a plank or portion of a hatch cover fell on it. Hill reported the injury to his foreman the next day and medical treatment was received. On July 6, 1963, the employer filed the required employer's report with the Bureau, advising briefly the identity of the employee, the occurrence of the accident and the nature of the injury.

The Bureau on July 10, 1963 sent a form letter to Hill, advising him it had received notice of his injury. The form letter stated in part:

"We are advised that you were not disabled for more than three days as the result of this injury. If this is correct, and you have no permanent disability, the file will be closed. If the facts are otherwise, however, notify this office by personal call or letter within ten days."

In response thereto, Hill on July 20, 1963 sent a handwritten letter to the Bureau in which he stated:

"I injured my hand July 2, and I have made four visits to Dr. J. B. Sanford at the Duluth Clinic, Duluth, Minn. He wants me to go back to work July 25th. The swelling on my hand is not completely gone but he said it wouldn't do any damage as there aren't any broken bones."

The plaintiff Peerless Insurance Company as the employer's insurance carrier paid $138.85 as disability compensation covering the period from July 6th to July 24, 1963. On July 25, 1963, after an absence of about three weeks, Hill returned to work. He testified his hand continued to hurt him and that shortly thereafter he became unemployed and was unable to work from September 5, 1963 to May 15, 1966, a total of 143⅝ths weeks.

On August 19, 1963 the Bureau of Employees' Compensation sent Hill a second form letter in which certain

blanks had been filled in by the Bureau concerning the date of injury, the period covered by compensation, the amount of compensation paid, and the date the employee returned to work. The form then contained the following statement:

"If you have serious head or facial disfigurement, or any permanent disability from the injury for which you have not been paid compensation, inform this office." (blank follows)

"If the facts in your case are as indicated above, you have received the amount of compensation payment to which you are entitled under the law, and the case will be closed in the files of this office."

"If the facts are not as indicated above, kindly advise this office by personal call or letter WITHIN 10 DAYS as to the actual facts, and your case will receive further attention."

"The law provides that the right to compensation for disability is barred unless written claim therefor is filed within 1 year after the injury or within 1 year after the date of the last payment of compensation, and any application for review of a compensation case must be filed with the Deputy Commissioner within 1 year after the date of the last payment of compensation."

Hill was then working and he made no reply thereto. The Deputy Commissioner found his condition worsened so that he was forced on September 5, 1963 to terminate his employment. It was not until May 15, 1966 and then only after surgery on his hand that Hill was able to return to any active employment. On March 11, 1966 Hill filed a formal claim with the Bureau. Plaintiffs lodged objections to the payment of benefits resulting in a hearing which was thereafter held before the Deputy Commissioner of the Bureau who awarded compensation to Hill, finding *inter alia* that he had made a timely claim as required by 33 U.S.C. § 913(a). This is the only

finding the court is asked to review, the soundness of the award for temporary total disability not being otherwise seriously challenged as a medical fact.

33 U.S.C. § 913(a) requires a claim for compensation to be filed within one year of the date of the injury or if compensation has been paid, within one year from the date of the last payment thereof. Admittedly the only communication from Hill to the Bureau during that time period was his letter of July 20, 1963. The question facing the court is whether the finding of the Deputy Commissioner is clearly erroneous so as to require a reversal.

The Deputy Commissioner heard the evidence and was in a position to observe the witness. A reviewing court on appeal should not overturn his findings unless they are "irrational or 'unsupported by substantial evidence, on the record'". O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965); Globe Indemnity Co. v. Calbeck, 230 F.Supp. 14 (S.D.Tex.1960). The court is mindful also of 33 U.S.C. § 920(b) which creates a presumption that sufficient notice of a claim has been given.

Courts have been liberal in construing what constitutes a "claim" under the Longshoremen's and Harbor Workers' Act. Travelers Insurance Co. v. Parker, 40 F.Supp. 692 (E.D.Va. 1941). Any correspondence, however informal, from which it can reasonably be inferred that a claim is being set forth should be interpreted as setting forth that claim. Feeney v. Willard, 129 F.Supp. 414 (S.D.N.Y.1955); Budson Co., Contract 926 v. Oikari, 270 F.Supp. 611 (N.D.Ill.1967). As stated in Travelers Ins. Co. v. Parker, *supra*:

"Neither the Longshoremen's Act nor the rules and regulations * * * promulgated thereunder * * * requires that claim for compensation shall be filed on any partic-

ular form. Any letter or notice to the deputy commissioner from which it may reasonably be inferred that a claim for compensation is being made is sufficient to meet the requirements of the statute for filing claims." 40 F.Supp. at 695

In determining whether a written statement meets the standard required by the act it should be read in connection with any previous correspondence between the claimant and the commissioner. Travelers Ins. Co. v. Parker, *supra*.

■ Hill's letter was not written in a vacuum. It was an obvious response to a previous letter written by the Bureau which stated the assumption that the disability was of very short duration and that no permanent injuries resulted. The Bureau's letter requested a response if the facts were otherwise. Hill's response must be taken as intending to show that the facts were otherwise and that among other things he still had the injury.

Plaintiffs emphasize the fact that the Bureau sent a second letter to Hill, to which he did not respond. This second letter is in part quoted above. This second letter dated August 19, 1963 was a form letter rather than one drafted specifically for the situation involved here and arrived at a time when plaintiff had in fact returned to work and appeared to be making an effort at continued employment. The language and import of the relevant paragraphs was very similar to the message contained in the Bureau's prior letter of July 10th. In any event if Hill's July 20th letter was sufficient notice of a claim as the Deputy Commissioner found it was sufficient as of that date and subsequent events and later correspondence should be deemed irrelevant and would not change the initial effect of the July 20th letter.