EMPLOYERS LIABILITY ASSURANCE CORPORATION, Ltd., Appellant,

v.

P. J. DONOVAN, Deputy Commissioner for the 7th Compensation District of the Bureau of Employee's Compensation, United States Department of Labor, and Louis Billodoux, Appellees.

No. 18088.

United States Court of Appeals
Fifth Circuit.
May 27, 1960.

---

2. 33 U.S.C.A. § 914(h).

Marian Mayer, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., for appellant.

Frederick J. Gisevius, Jr., for appellee, Billodoux. Lloyd Cyril Melancon, Asst. U. S. Atty., M. Hepburn Many, U. S. Atty., New Orleans, La. (Harold C. Nystrom, Acting Solicitor of Labor, Herbert P. Miller, Asst. Solicitor of Labor, Alfred H. Myers, Atty., U. S. Dept. of Labor, Washington, D. C., of counsel), for appellee Donovan.

Before RIVES, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Employers Liability Assurance Corporation, Ltd., brought suit in the United States District Court for the Eastern District of Louisiana against P. J. Donovan, Deputy Commissioner of the Bureau of Employee's Compensation, United States Department of Labor, and against Louis Billodoux. By the complaint it was shown that Billodoux was an iron worker employed by Williams-McWilliams Industries, Inc., and on May 22, 1957, was engaged in the building of an oil drilling rig for Humble Oil and Refining Company on a drilling platform in the outer continental shelf about nine miles from the Louisiana coast. On that day, while so employed, Billodoux sustained an arm injury. The appellant, as insurance carrier of Williams-McWilliams under the Longshoremen's and Harbor Workers' Compensation Act,[1] reported the accident to the Deputy Commissioner and commenced the payment of compensation benefits, which were continued for fifty-three weeks, and paid $1,218.10 of medical expense for Billodoux.

The complaint of the appellant alleged that Billodoux, after returning to work for about two weeks, left the employment of Williams-McWilliams on May 4, 1958. On May 12, 1958, he made a demand on the insurance company for payment under the Louisiana Workmen's Compensation Act.[2] On May 26, 1958, Billodoux brought suit in the Federal district court against Williams-McWilliams and Humble, founded on his May 22, 1957, injury, seeking relief under Section 33 of the Jones Act,[3] maintenance and cure and, in the alternative, the benefits of the Louisiana Workmen's Compensation Act. At the same time Billodoux brought another suit in the same court seeking recovery for the same injury as a maritime tort. The insurance company, so we learn from its complaint, requested the appellee Deputy Commissioner to hold a hearing to determine (1) "whether the Deputy Commissioner had jurisdiction of the claim", (2) if he has jurisdiction, whether further compensation is payable to Billodoux under the Longshoremen's and Harbor Workers' Act and (3) the amount, if any,

---

1. 33 U.S.C.A. § 901 et seq. References herein to the Act, unless qualified, shall refer to this statute.

2. LSA–Rev.Stat. §§ 23:1021 et seq.

3. 46 U.S.C.A. § 688.

due under the Act. The Deputy Commissioner refused to hold a hearing and so advised the insurance company.

The insurance company outlined at length, in its complaint, the difficulties which were presented by the multiple claims and suits, and the possibility of multiple liability for a single injury. The burden of defending these suits and claims could be eliminated and the exposure to excessive liability could be obviated, asserts the insurance company, if the Deputy Commissioner will hold a hearing and determine all or some one or more of the questions submitted to him in its request. The Deputy Commissioner and Billodoux each filed a motion to dismiss on the grounds that no claim was stated upon which relief could be granted and that the Court was without jurisdiction to grant the relief sought. The district court granted the motions to dismiss and entered judgment accordingly. The appeal presents its action for our review.

If we were bound by all that was said in the original opinion in Atlantic & Gulf Stevedores, Inc. v. Donovan, 5 Cir.; 274 F.2d 794, rehearing denied 5 Cir., 279 F.2d 75, we would reverse the judgment of the district court. But by a supplemental opinion of a majority of the Court the decision in that case was limited to the question presented by the facts upon which it was decided. The question here presented is upon different and distinguishable facts and a different result is reached.

By Section 13(a) of the Act it is provided that the right to compensation for disability shall be barred unless "a claim therefor" is filed within a year after the injury, except that if payment of compensation has been made without an award the claim may be filed within a year after the date of the last payment. 33 U.S.C.A. § 913(a). By the succeeding Section 14, relating to payment of compensation, it is provided that,

"The deputy commissioner (1) may upon his own initiative at any time in a case in which payments are being made without an award, and (2) shall in any case where right to compensation is controverted, or where payments of compensation have been stopped or suspended, upon receipt of notice from any person entitled to compensation, or from the employer, that the right to compensation is controverted, or that payments of compensation have been stopped or suspended, make such investigations * * * or hold such hearings, and take such further action as he considers will properly protect the rights of all parties." 33 U.S.C.A. § 914(h).

Section 19 of the Act deals with the procedure in respect of claims and there, in Section 19(c) it is enacted that,

"The deputy commissioner shall make or cause to be made such investigations as he considers necessary in respect of the claim, and upon application of any interested party shall order a hearing thereon." 33 U.S.C.A. § 919(c).

An examination and comparison of Sections 914(h) and 919(c) discloses the difference between their provisions. Section 914(h), applicable where no claim has been filed, confers on the Deputy Commissioner a discretionary power to make such investigations or hold such hearings and take such further action as he considers will protect the rights of the parties. Section 919(c), applicable where a claim has been filed, contains a mandatory requirement that the Deputy Commissioner shall order a hearing upon a claim upon the application of any interested party.

■■ A claim, within the meaning and contemplation of the Act, is something that is to be filed. Since it is to be filed it must be in writing. Cf. Slade v. Branham, D.C.Md.1942, 47 F.Supp. 769. No particular form of claim need be used. The requirement of a claim is met if a writing, even though an informal one, of the injured employee or his attorney discloses an intention to assert a right to compensation. Atlantic & Gulf Stevedores v. Donovan, supra; Feeney v. Willard, D.C.S.D.N.Y.1955,

129 F.Supp. 414. In Atlantic & Gulf Stevedores v. Donovan, supra, Section 919(c) was applicable since a claim was filed. In this case Section 914(h) is the pertinent section since no claim has been filed. If an insurer of liability under the Act, or any other interested party should have the right to require the Deputy Commissioner to hold a hearing where no claim has been filed, the right must be given by Congress which has so far withheld such right. It is a right which the courts cannot confer.

The views that we hold make it unnecessary to state the often declared reluctance that the courts have in interfering with administrative processes and procedures. We do not need to consider the judicial power to coerce administrative officers who refuse or fail to perform a clearly defined duty or the power of the courts to correct abuses of the exercise of administrative discretion. Consideration of these questions is not required for our decision.

The judgment dismissing the action is Affirmed.