John BEEGAN, Appellant,

v.

BRADY-HAMILTON STEVEDORE COMPANY, Fireman's Fund Insurance Company and J. N. O'Leary, Deputy Commissioner, 14th Compensation District, Appellees.

No. 19871.

United States Court of Appeals
Ninth Circuit.

June 16, 1965.

Rehearing Denied Aug. 2, 1965.

Philip A. Levin, Pozzi, Levin & Wilson, Portland, Or., for appellant.

Nathan J. Heath, Lloyd W. Weisensee, Gray, Fredrickson & Heath, Portland, Or., for appellees.

Before CHAMBERS, Circuit Judge, MADDEN, Judge of the Court of Claims, and KOELSCH, Circuit Judge.

MADDEN, Judge:

A compensation order in favor of the appellant Beegan, a longshoreman, was made by a Deputy Commissioner purporting to act pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. The appellee stevedore company and its insurance carrier brought a suit to enjoin the Deputy Commissioner from enforcing his compensation order. The District Court entered a decree setting aside the compensation order and enjoining its enforcement. Beegan has appealed to this court from that decree.

Beegan, while employed by the stevedore appellee, scratched his finger on October 14, 1962. A band-aid was applied to the scratch, no medical attention was given, and no working time was lost. He was requested by the employer to make out an accident report, and did so. That report was sent to the office of the Deputy Commissioner. It had on it a number, Claim No. 1–2689, and the date of the injury, October 14, 1962, and a five-word description of the injury. The Deputy Commissioner's office sent Beegan routinely on a mimeographed form a letter, inserting Beegan's name and address,

the employer's name, the claim number, and the date of the injury. The form letter advised the addressee of his rights under the law, and of when and how to assert them. The last line of the letter said, in capitals:

RETAIN THIS LETTER IN YOUR POSSESSION AS EVIDENCE OF YOUR RIGHTS UNDER THE LAW.

Unfortunately, for Beegan, he did retain the letter and put it in his strong-box for safe keeping.

On November 14, 1962, Beegan, still or again employed by the stevedore appellee, sprained his back while attempting to lift a bale of pulp. He was hospitalized for a month and did not return to work until sometime in January, 1963. His employer paid his hospital expenses and his lost time. A report of the accident was sent to the Deputy Commissioner's office, as had been done in regard to the October accident. It, of course, contained a different claim number, a different date, and a different description of the injury. The Deputy Commissioner's office sent the same kind of form letter to Beegan which it had sent in October, but with a different claim number and date of injury. This form letter, like the earlier one, advised the recipient that, under the Act, the right to file a claim expires one year from the date of the injury or one year from the date of the last payment of compensation.

Beegan, aware of the one-year requirement, went to his attorney on or about December 30, 1963, taking with him a paper out of his strong box. He and his attorney talked about the back injury and decided to file a claim for it. He left with his attorney the form letter which he had brought with him. But it was the letter which he had received relative to the scratch on his finger in October, and contained the claim number and the date of that accident. Neither letter had made any mention of the nature of the injury to which the letter related.

Beegan's lawyer naturally supposed that the paper which Beegan left with

him related to the injury which he and Beegan had just discussed. He immediately, on December 30, 1963, wrote a letter to the Deputy Commissioner making claim for whatever disabilities had resulted from "this accident," but using the claim number and the date of accident shown on the letter which Beegan had left with him. On January 6, 1964, the Deputy Commissioner requested additional reports from the appellee employer. On January 24 the employer responded that it had understood that there was no time loss nor medical service in connection with the accident referred to under the file number in the Deputy Commissioner's request for information. A copy of that response went to Beegan's attorney. On February 4, Beegan's attorney, still using the wrong file number and date, stated that there had been hospitalization and loss of working time in connection with the accident. A Government Claims Examiner, in a letter of February 6, for the first time disclosed the reason for the confusion.

The Deputy Commissioner, on the basis of the undisputed facts recited above, held that the letter of Beegan's attorney of December 30, 1963, was a claim within the meaning of the statute, for the November 14, 1962, accident. If it was, it was filed within one year from the date of the last payment of compensation in January, 1963, and hence was timely. The Deputy Commissioner adjudicated the claim and made an award of compensation to Beegan. As we have seen, the District Court enjoined the enforcement of that award and Beegan is here on appeal from that decree of the District Court.

Our conclusion is that the Deputy Commissioner was right. Although the proceeding before the Deputy Commissioner was an administrative proceeding and not a law suit, we think that the Federal Rules of Civil Procedure are, by analogy, pertinent. If, in the presumably stricter and more formal procedure of federal courts, the kind of inadvertent error here involved would be overlooked and the court would adjudicate the case

on its merits, it would be incongruous to hold that an administrative tribunal could not do the same.

Rule 1 says, of the Federal Rules, 28 U.S.Code Rules 1 to 86:

> They shall be construed to secure the just, speedy and inexpensive determination of every action.

Rule 15(c) entitled "Relation Back of Amendments," says:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth *or attempted to be set forth* in the original pleading, the amendment relates back to the date of the original pleading. (Italics added.)

Since the Deputy Commissioner treated the case before him as involving the November injury to Beegan's back, the claim, whether formally amended or not, must be treated as amended, according to settled doctrine. There remains, then, only the question of whether the amendment would relate back, and make timely the claim which was actually adjudicated.

■ It would be difficult to devise language more clearly expressive of the spirit of Rule 1 of the Federal Rules than the language which we have italicized in our quotation of Rule 15(c). In the instant case there is no suggestion that anyone was prejudiced by the confusion which existed for approximately a month. That confusion occurred, as we have seen, because a workman accidentally picked up the wrong piece of paper. He went to his lawyer, they talked about the November injury to his back, and no other injury. They decided to file a claim for that injury, and the lawyer wrote a letter of claim. Their intent to make a claim for the back injury is unquestioned. Was the lawyer's letter an *attempt to * * * set forth* such a claim? We think that a written communication, admittedly for a specific pur-

pose and no other, is an attempt to state that purpose, within the meaning of Rule 15(c). If, because of a typist's error or a workman's error the wrong identification mark is inserted in the letter, the mistake must be held to be fatal, it will be necessary to require fuller and more detailed pleadings in administrative proceedings so that such accidents may not occur.

This court's decision in Kobilkin v. Pillsbury, 9 Cir., 103 F.2d 667, is not to the contrary. In that case the issue was whether the one year limitation period began to run from the date of the injury or from the time when the disability resulting from the injury became apparent. The court concluded that the statute set the date of injury as the crucial date, and that the court could not re-write the statute to produce a more equitable result. In Kobilkin no claim or attempted claim whatever was filed within the period prescribed by the statute. In the instant case a claim was filed. It was intended to be a claim for Beegan's November back injury.

Rule 81(c) (6) of the Federal Rules provides:

> These rules apply to proceedings for enforcement of compensation orders under the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. §§ 918, 921.

If the case had come into court under those sections of the compensation act, the court would have been obliged to follow all the applicable Rules of Civil Procedure, including, of course, Rule 15(c). We think it was not error for the Deputy Commissioner to exercise, in his administrative proceeding, a liberality comparable to that which is enjoined upon the courts by Rule 15(c).

The judgment of the District Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.