**Lee McKINNEY et al., Appellants,**

v.

**UNITED STATES of America and Puget Sound Bridge and Dry Dock Company, now known as Lockheed Shipbuilding & Dry Dock Company, Appellees.**

**No. 20842.**

United States Court of Appeals
Ninth Circuit.

Oct. 26, 1966.

Greive & Law, Seattle, Wash., for appellants.

John W. Douglas, Asst. Atty. Gen., William N. Goodwin, U. S. Atty., David L. Rose, Frederick B. Abramson, Dept. of Justice, Washington, D. C., for appellees.

Before CHAMBERS, POPE and MERRILL, Circuit Judges.

PER CURIAM.

The appellants, as libelants, brought suit against the United States in the court below seeking recovery for injuries received by the appellant Lee McKinney while working upon a fabricated portion of a ship which was prepared for insertion as the mid-body section of a navy ship. Jurisdiction was based upon the provisions of the Public Vessels Act, 46 U.S.C. § 781 et seq. The ship in question was being modernized, renovated and converted so as to increase its carrying capacity by cutting the whole in two, removing the mid-body section, and inserting a new mid-body section which had been separately prefabricated. It was while working in this new mid-body section that McKinney received the injuries here complained of.

At the time of the accident McKinney was employed by Lockheed Shipbuilding and Construction Company, an independent contractor, which operated a shipbuilding and repair facility. He was solely and exclusively subject to the supervision of Lockheed supervisory personnel in the performance of his duties. No naval personnel issued any orders or directions to McKinney relating to the manner of the performance of his work or to the safety precautions which should be observed. No navy personnel were ever aboard the mid-body section except for inspectors who checked to see if the work was being done pursuant to the contract specifications.

McKinney's injuries were incurred through the breathing of fumes generated when he welded the metal surfaces which had been coated with a material known as "Zinkote" which serves substantially the same purposes as galvanizing. Welding a Zinkote coat surface, like welding a galvanized or zinc surface, will release fumes which are toxic in nature and this was known to all parties concerned. Such welding is reasonably safe if adequate ventilation and respiration are provided. It was agreed by the parties that the United States owed no warranty of seaworthiness.

The trial court found and held that under the circumstances here mentioned, the United States owed no duty to provide or insure that Lockheed provided proper ventilation or respiration equipment to McKinney, and that the United States was therefore not negligent in failing to take such precaution. The court held the appellants not entitled to recovery and

dismissed the action. This appeal followed.

The facts in this case cannot be distinguished from West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161.[1] The Court there distinguished the case of United New York & New Jersey Sandy Hook Pilots Assn. v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541, upon which the appellants relied here. Upon the authority of the West case, supra, the judgment is affirmed.

---

1. At page 123 of 361 U.S., at page 193 of 80 S.Ct. the Court said in that case: "It appears manifestly unfair to apply the requirement of a safe place to work to the shipowner when he has no control over the ship or the repairs, and the work of repair in effect creates the danger which makes the place unsafe. The respondent, having hired Atlantic to perform the overhaul and reconditioning of the vessel—including the testing—was under no duty to protect petitioner from risks that were inherent in the carrying out of the contract."