**BUDSON COMPANY, CONTRACT 926 and United States Fidelity & Guaranty Company, Plaintiffs,**

v.

**Elmer E. OIKARI and George A. Byrne, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Tenth Compensation District, Defendants.**

No. 65 C 1635.

United States District Court
N. D. Illinois, E. D.

April 21, 1967.

Van Duzer, Gershon & Jordan, Chicago, Ill., for plaintiffs.

Hultstrand, Abate & Wivoda, Hibbing, Minn., for defendant Elmer E. Oikari.

Edward V. Hanrahan, U. S. Atty., for defendant Byrne, Deputy Com'r, U. S. Dept. of Labor.

## MEMORANDUM, CONCLUSIONS OF LAW AND JUDGMENT

CAMPBELL, Chief Judge.

The complaint herein seeks to review a compensation order under the Longshoremen's and Harbor Workers' Compensation Act as extended by the Defense Base Act. 42 U.S.C. § 1651 et seq.

All parties agree that there is no genuine issue of fact and accordingly all have filed motions for summary judgment, presenting the following questions of law.

### 1. The Application of the Defense Base Act

Claimant defendant was injured in his employment at Ladd Air Force Base, Alaska. The Defense Base Act, 42 U.S.C. § 1651(a) (2) at that time provided coverage for "any employment * * * upon any lands occupied or used by the United States for military or naval purposes in any Territory or possession outside the continental United States * * including Alaska * * *."

Claimant's injury occurred May 8, 1959, five months after Alaska was admitted to statehood. Had it occurred before statehood while Alaska was still a territory there is no question but that the claimant would have been covered by the provisions of the Defense Base Act. The claimant, joined by the Bureau of Employees Compensation, argues that the act remained in full force and effect until the adoption by Congress of the Alaska Omnibus Act of June 25, 1959, which act amended the Defense Base Act by deleting the reference to Alaska. Section 47(g) of the Omnibus Act provides in part:

" * * * with respect to injuries or deaths occurring on or after January

3, 1959, and prior to the effective date of these amendments, claims filed by employees engaged in the State of Alaska in any of the employments covered by the Defense Base Act * * *may* be adjudicated under the Workmen's Compensation Act of Alaska instead of the Defense Base Act." (Emphasis supplied.)

The legal dispute centers on the meaning of the word *may* in the Omnibus Act. Claimant and the Bureau of Employment Compensation argue that during the six month interval between Alaska statehood and the effective date of the Omnibus Act a claimant had a choice of remedies, the Workmen's Compensation Act of Alaska and the Defense Base Act.

Plaintiffs argue that after statehood the application of the Defense Base Act terminated. They point out that under the provisions of the Statehood Act the territorial laws in force in the Territory of Alaska continued in full force and effect, including the Alaska Workmen's Compensation Act. The use of the key word *may,* according to plaintiffs was to approve the result achieved by the Alaska Statehood Act, which made the Alaska Compensation Act the sole remedy. Plaintiffs also point out that in other states local compensation acts are the sole remedy for employees on military bases. (40 U.S.C. § 290)

To rebut the position of plaintiffs, claimant and the Bureau of Employee Compensation appropriately cite Senate Report No. 331, 86th Congress, 1st Session, page 21, U.S. Code Congressional and Administrative News p. 1675, which accompanied the Omnibus Act:

" * * * On January 14, 1959, the Alaska Industrial Board announced that it would apply the Alaska Workmen's Compensation Act in the Federal domain in Alaska, effective January 3, 1959, the date of statehood, under the act of June 25, 1936 (49 Stat. 1938), permitting such State action. A potential workmen's compensation liability exists, therefore, respecting employers of workers on Federal property in Alaska under both the Defense Base Act and the Alaska Workmen's Compensation Act.

The purpose of the sections 40 and 42 is to preclude such dual liability by deleting reference to Alaska from the

Defense Base Act and the War Hazards Act and adding a definition of "continental United States" to the acts to make it clear that Alaska comes within this term * * *.

Subsection (g) of section 47 makes it clear that injuries occurring in employments subject to the Defense Base Act in Alaska after January 3, 1959, and until the effective date of amendments provided by the first two draft sections may be adjudicated under the Workmen's Compensation Act of Alaska."

■■ I find the Senate report persuasive and consistent with my own reading of the Act, particularly the construction of the word *may.* I conclude, therefore, that claimant had a dual remedy available to him during the six month period from statehood to the effective date of the Omnibus Act. I find no Constitutional barrier to the existence of such dual remedies. (See Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246.)

### 2. Claimant's Election of Remedies

■ Before filing his claim under the Federal Defense Base Act, claimant filed a common law action which was dismissed and a claim under the Alaska Compensation Act which was then barred by lapse of time. Plaintiffs argue that the election to proceed under the Alaska Act precludes his later proceeding under the federal act. I find no support for this position. Accordingly, I conclude that the election of the claimant to proceed under the state compensation act is no bar to his later recovery under the federal act. (Calbeck v. Travelers Ins.

**614**

Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed. 2d 368.)

### 3. Timely Filing of the Claim

 Under the Defense Base Act a claim must be filed within one year from the date of the injury. (33 U.S.C. § 913(a)) Within a year after the injury, attorneys for claimant directed a letter to the employer's insurance carrier who in turn transmitted it to the Deputy Commissioner. Informal writings are liberally construed in determining whether a claim has been filed. (Beegan v. Brady-Hamilton Stevedore Co., 9th Cir., 346 F.2d 857; Atlantic and Gulf Stevedores Inc. v. Donovan, 5th Cir., 274 F.2d 794) I conclude that the letter transmitted by claimant's attorneys to the employer's insurance carrier who then transmitted it to the Deputy Commissioner gave adequate notice that a claim would be filed under the act.

### 4. The Commissioner's Findings and The Evidence

 Having established that the Commissioner had proper authority to hear the claim, this Court in review of those findings is limited to the determination of whether those facts are supported by substantial evidence. The Deputy Commissioner heard the testimony of the claimant as well as the medical testimony offered on his behalf. Questions now raised here by plaintiffs as to the permanency of the claimant's disability or the cause thereof are best decided by the initial trier of fact who had an opportunity to hear the evidence and see the witnesses. My review of the record indicates that there is substantial evidence to support the Deputy Commissioner's decision, and conclude accordingly.

The motion of defendants Elmer E. Oikari and George A. Byrne, Deputy Commissioner for Summary Judgment is granted. Plaintiffs' motion for Summary Judgment is denied. The complaint is accordingly dismissed, at plaintiffs' costs.