**Lee McKINNEY, Plaintiff-Appellant,**

v.

**J. J. O'LEARY, Deputy Commissioner, Fourteenth Compensation District, Defendant-Appellee.**

**No. 25980.**

United States Court of Appeals, Ninth Circuit.

May 4, 1972.

John R. Stair (argued), Seattle, Wash., for plaintiff-appellant.

Stan Pitkin, U. S. Atty., Albert E. Stephan, Asst. U. S. Atty., Seattle, Wash., Morton Hollander, Leavenworth Colby, Washington, D. C., for defendant-appellee.

Before JERTBERG and ELY, Circuit Judges, and JAMESON, District Judge *.

PER CURIAM:

This is an appeal from a summary judgment in favor of defendant-appellee, J. J. O'Leary, Deputy Commissioner, in

* Honorable W. J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation.

an action to review appellee's order rejecting the claim of Lee McKinney, plaintiff-appellant, for compensation under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 901 et seq.).[1]

Appellant was injured on the night of March 26–27, 1964 while working as a welder for Puget Sound Bridge and Drydock Company on a vessel owned by the United States Navy. He reported the accident orally to his employer at the time of its occurrence. The employer filed the "Employer's First Report" of the accident with the Deputy Commissioner on April 1, 1964. The Deputy Commissioner assigned a number to the claim, and all subsequent documents were filed under that number. Notice of the accident was also given to the employer's insurance carrier, Employer's Mutual Liability Insurance Company of Wausau. On April 7, 1964, the attending physician submitted his report.

Appellant called the office of the Deputy Commissioner on April 13 regarding his compensation, and on the same date a claims examiner in the office wrote the insurance carrier (with a copy to appellant) requesting it to expedite the processing of the claim. Shortly thereafter the carrier commenced payments. On May 17 appellant again called the Deputy Commissioner's office reporting that he was unable to return to work and inquiring as to "further entitlements." He was informed that "his claim was being continued subject to the receipt of final medical report and the limitations of the Act." A written memorandum of this conversation was placed in the file.

The insurance carrier paid appellant compensation for temporary total disability for the eight week period from March 28, 1964 to May 24, 1964, at $55 a week—a total of $440.

On July 10, 1964 appellant commenced an action against the United States under the Federal Tort Claims Act. The Government filed a third-party complaint against the employer. On stipulation this action was dismissed without prejudice for lack of jurisdiction on December 15, 1964. On April 27, 1965 appellant re-filed his action against the United States in the form of a libel in admiralty. The employer was brought in as an additional respondent. Following trial the action was dismissed on the merits, McKinney v. United States, W. D.Wash.1965, 255 F.Supp. 714. On appeal this court affirmed on October 26, 1966, 368 F.2d 542.

Appellant called at the Deputy Commissioner's office on August 9, 1967. A written memorandum in the file recites that "claimant" would return or have his attorney "contact us if he wants to file a claim under Section 12(d)." A formal claim for compensation was filed with the Deputy Commissioner on August 28, 1967.

The claim was rejected by the Deputy Commissioner (following objection by the employer and insurer) in an order dated May 20, 1969 on the ground that the claim "was not filed within one year after the date of the last payment of compensation made to the claimant on May 25, 1964."[2] On June 19, 1969 appellant filed his petition for review. The Deputy Commissioner's motion for summary judgment was granted, the district court holding "as a matter of law that plaintiff's claim for compensation under the Longshoremen's and Harbor Workers' Act is barred under the provisions of Section 13 of the Act." This appeal followed.

---

1. Appellee is the Deputy Commissioner of the Bureau of Employees' Compensation, U. S. Department of Labor, for the compensation district having jurisdiction of appellant's claim under the Act.

2. Under Section 13(a) of the Act, 33 U.S. C. § 913(a), the "right to compensation * * * shall be barred unless a claim therefor is filed within one year after the injury, * * * except that if payment of compensation has been made without an award on account of such injury * * a claim may be filed within one year after the date of the last payment. * * *"

Appellant filed his brief in this court on October 5, 1970. On November 25, 1970 an Assistant Attorney General, Civil Division, wrote the clerk that appellee would not file an answer brief. It was believed "that in view of the special facts in the case, the contentions of the appellant, that claim was timely filed, are in accordance with law." [3] In a supplemental letter dated March 31, 1972, advising the clerk that appellee would not appear for oral argument, a Special Assistant to the Attorney General again stated that it was believed that the claim "was improperly rejected," the letter continuing: "Whenever, as here, a sufficient memorandum of claimant's oral claim is placed on file by personnel of the deputy commissioner's office, a timely claim for compensation has been filed within the meaning of 33 U.S.C. § 913(a)." [4]

Appellant's initial right to compensation was recognized by the Deputy Commissioner, employer and insurance carrier. A claims examiner in the office of the Deputy Commissioner wrote the insurance carrier regarding appellant's oral claim, sending a copy of the letter to appellant. Thereafter, another claims examiner placed in appellant's claim file a memorandum of the subsequent oral claim asserted by appellant.

Various types of informal writings have been liberally construed in determining whether a claim has been filed pursuant to 33 U.S.C. § 913(a). [5] In view of the fact that the parties now agree that the claim was improperly rejected we see no reason to discuss the cases construing this provision and similar statutes. We agree with the parties that under the special circumstances of this case a claim was timely filed in compliance with the Act and that appellant's failure to file a formal written claim within one year does not bar consideration of his claim.

Reversed and remanded for further proceedings consistent with this opinion.

ELY, Circuit Judge (dissenting):

I respectfully dissent, even though the majority limits its opinion to "the special circumstances of this case." Despite that, and also despite the concession made by the Attorney General on this appeal, I am more persuaded by the argument made by the United States Attorney in the court below; therefore, I feel obliged to record my view that the Deputy Commissioner and the District Court correctly applied the law.

I would affirm.

---

3. A copy of the letter was mailed to the attorney for the employer and insurance carrier in "order that he may take such action as he may desire." This attorney represented the employer in the actions instituted by appellant and the employer and insurance carrier at the hearing before the Deputy Commissioner on appellant's present claim.

4. This position, now taken by both parties on this appeal, was not urged in the district court. Rather both parties argued primarily the effect of § 913(d) providing that when recovery is denied in a suit against the employer, the statute of limitations begins to run from the date of the termination of the suit. It is clear from the transcript of the hearing that the district court concluded that this section did not toll the statute since the action was brought by appellant against the United States rather than the employer.

5. While not precisely in point factually, see, e. g., Atlantic & Gulf Stevedores, Inc. v. Donovan, 5 Cir. 1960, 274 F.2d 794, 801, rehearing denied, 279 F.2d 75; Employers Liability Assurance Corp. v. Donovan, 5 Cir. 1960, 279 F.2d 76, 78, cert. denied, 1960, 364 U.S. 884, 81 S.Ct. 165, 5 L.Ed.2d 105; Beegan v. Brady-Hamilton Stevedore Company, 9 Cir. 1965, 346 F.2d 857, 860; Budson Company, Contract 926 v. Oikari, N.D.Ill.1967, 270 F. Supp. 611, 614.