**FIREMAN'S FUND INSURANCE COMPANY and Luckenbach Steamship Company, Inc., Plaintiffs-Appellants,**

v.

**Robert H. BERGERON, Deputy Commissioner, United States Department of Labor, Defendant-Appellee.**

No. 73-2385.

United States Court of Appeals, Fifth Circuit.

May 1, 1974.

Dewey R. Villareal, Jr., Nathaniel G. W. Pieper, Tampa, Fla., for plaintiffs-appellants.

Oscar Blasingame, Asst. U. S. Atty., Tampa, Fla., John L. Briggs, U. S. Atty., Jacksonville, Fla., William J. Kilberg, Sol. of Labor, Peter Brennan, Sec. of Labor, U. S. Dept. Of Labor, Washington, D. C., for defendant-appellee.

John D. Shofi, William D. Douglas, Tampa, Fla., for Roosevelt Lowe.

Before BROWN, Chief Judge, and TUTTLE and SIMPSON, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal by plaintiffs Luckenbach Steamship Co., Inc., an employer, and Fireman's Fund Insurance Company, its insurance carrier, from the district court's grant of summary judgment upholding the defendant deputy commissioner's compensation order pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. The deputy commissioner's order held that claimant Lowe's attorney's telephone call to the deputy commissioner indicating that he would file an application for review of Lowe's claim was adequate to toll the running of the one year limitation period under 33 U.S.C. § 922 because the deputy commissioner put a written memorandum of the call in his file. We affirm.

In 1960 while employed as a longshoreman by appellant Luckenbach Steamship, Lowe was injured when he fell in the hold of the vessel and was paid compensation and medical expenses by appellant Fireman's Fund. After a hearing in 1965 before the deputy commissioner, Lowe was awarded further compensation which Fireman's Fund paid until May 29, 1969, at which time Fireman's Fund claimed that Lowe had received the statutory maximum for a partial disability. On May 29, 1969, Lowe served the deputy commissioner with written notice that payments had been stopped.

On June 9, 1969, Lowe's attorney telephoned the deputy commissioner who

wrote and filed the following memorandum regarding that call:

"The writer received a telephone call from C. J. Hardee, the claimant's attorney. Mr. Hardee disputes the form BEC–208, and states that the employer and carrier have taken credit in the sum of $17,280 for some $6,100 they regained on a lien against the third party and some $3,000 net to the claimant.

"Further, Mr. Hardee claims the claimant is permanently totally disabled and *will file for a review under § 22 of the Act.*

"When such filing is received, please return the case to me for further handling." (Emphasis supplied).

On December 23, 1970, the deputy commissioner wrote Lowe's attorney inquiring whether Lowe intended to apply for a modification of his compensation order. On December 30, 1970, Lowe's attorney responded stating "We do plan to file an application for review in this claim and request that you do not close the case. We will do so just as soon as possible." On April 8, 1971, a petition for modification of Lowe's compensation award was mailed to the deputy commissioner and to Fireman's Fund. On January 20, 1972, the deputy commissioner after a hearing determined that the claimant's modification application was timely filed, but that Lowe had received all compensation to which he was entitled under the 1965 award. The deputy deferred consideration of the merits of Lowe's claim of total disability. The deputy commissioner's order concluded:

"The memorandum recording Attorney C. J. Hardee's telephone call to Deputy Commissioner William M. O'Keeffe June 9, 1969 constitutes a timely filed application for review under Section 22."

Appellant Fireman's Fund filed suit in the district court challenging the deputy commissioner's determination that the telephone memorandum constituted an adequate application for review of an earlier award under 33 U.S.C. § 922. Claimant Lowe intervened. Fireman's Fund asserted that it was only first apprised at the January 20, 1972 hearing of the deputy commissioner's memorandum of the June 9, 1969 telephone conversation with Lowe's attorney. The district court granted summary judgment for the deputy commissioner.

Section 22 of the Longshoremen's Act, 33 U.S.C. § 922, provides in pertinent part:

". . . *upon the application* of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, *at any time prior to one year after the date of the last payment of compensation,* . . . review a compensation case in accordance with the procedure prescribed in respect of claims in *section 919* of this title, . . ." (Emphasis supplied).

The sole question presented is whether the memorandum recording of the phone conversation suffices as a claimant's "application" for modification within the statutory proscription that such an application be filed "prior to one year after the date of the last payment of compensation."

Although decisions have not interpreted what constitutes an application under section 922, courts have determined what suffices as a claim under section 919.[1] Since claims under section 919

---

1. Section 19 of the Longshoremen's Act, 33 U.S.C. § 919, provides for the initiation of claims under the act, whereas, Section 22, 33 U.S.C. § 922, governs the modification of compensation awards on grounds of change in conditions or because of a mistake in a determination of fact by the deputy commissioner. Section 919 states:

"Subject to the provisions of section 913 [which bars claims filed one year after the injury] of this title a claim for compensation may be filed with the deputy commissioner in accordance with regulations prescribed by the Secretary at any time after the first seven days of disability following any injury, or at any time after death, and the deputy commissioner shall have full power and authority to hear and determine all questions in respect of such claim."

must be filed, it has been held that they must be in writing. Employers Liability Assurance Corp. v. Donovan, 279 F.2d 76, 78 (5th Cir.), cert. denied, 364 U.S. 884, 81 S.Ct. 165, 5 L.Ed.2d 105 (1960). This Court in *Employers Liability, supra,* stated:

"No particular form of claim need be used. The requirement of a claim is met if a writing, even though an informal one, of the injured employee or his attorney discloses an intention to assert a right to compensation. Atlantic & Gulf Stevedores v. Donovan, supra; . . ."

The following "informal" writings have qualified as adequate claims to toll the running of the one year statutory period of filing for a compensation award: (1) a letter from an attorney to the deputy commissioner requesting compensation, Atlantic & Gulf Stevedores, Inc. v. Donovan, 279 F.2d 75 (5th Cir. 1960); (2) a letter requesting compensation but misfiled by the deputy commissioner because of its reference to the wrong claim numbers, Beegan v. Brady-Hamilton Stevedore Co., 346 F.2d 857, 859–860 (9th Cir. 1965); (3) an attorney's claim letter directed to an employer's insurance carrier which in turn was transmitted to the deputy commissioner, Budson Co. v. Oikari, 270 F.Supp. 611, 614 (N.D.Ill. 1967); (4) an attorney's letter to the deputy commissioner requesting a formal application blank that was never sent, Louisiana-Texas Waterways Co. v. United States Employees' Compensation Commission, 19 F.Supp. 396 (W.D.Ky. 1935).

In McKinney v. O'Leary, 460 F.2d 371 (9th Cir. 1972), the claimant appeared at the deputy commissioner's office, following which a written memorandum was prepared and filed by the deputy commissioner, reciting that "claimant" would return or have his attorney "contact us if he wants to file a claim." The court not only found this memorandum sufficient to constitute the necessary claim, admittedly largely because the parties in essence stipulated so on appeal, but also noted "various types of in-

formal writings have been liberally construed in determining whether a claim has been filed pursuant to 33 U.S.C. Sec. 913(a)." *Id.* at 373.

Similarly, this Court has recognized that the Longshoremen's Act is to be liberally construed in favor of claimants. *See* Young and Co. v. Shea, 397 F.2d 185 (5th Cir. 1968), reh. denied, 404 F.2d 1059, cert. denied, 395 U.S. 920, 89 S.Ct. 1771, 23 L.Ed.2d 237 (1969). The trend of decisions appears to be that any written notice by *or on behalf of* the claimant within one year evidencing an intention to make a claim will be treated as sufficient to toll the running of the statutory period for filing a claim. Therefore, we conclude that the memorandum recording by the deputy commissioner of the telephone message from claimant's attorney that "the claimant is permanently totally disable and will file for review under Section 22 of the Act" is sufficient to constitute an application for modification under 33 U.S.C. § 922.

The judgment is affirmed.